COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04 11800 DPW

ADAM HELFAND, CARON HELFAND,
AND MITCHELL HELFAND,
        Plaintiffs

v.

THE JOHN DEWEY ACADEMY, INC.,
THOMAS BRATTER, KEN STEINER, AND
GWENDOLYN HAMPTON,
        Defendants

RECEIPT #
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action arises out of an inappropriate relationship between an employee of The John Dewey Academy, Inc. ("JDA") and a former student. The Plaintiffs allege that JDA and its top staff negligently hired the employee and negligently supervised the employee and the student. JDA also breached its contract with the plaintiffs and engaged in unfair and deceptive business practices in violation of the Massachusetts Consumer Protection Act, G.L. c. 93A. The employee committed counseling malpractice and negligently inflicted emotional distress on the student. As a result of the acts and omissions of the Defendants, the Plaintiffs suffered great emotional and financial harm.

### JURISDICTION

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

1

## PARTIES

3. The Plaintiff, Adam Helfand, is an individual with a permanent residence address of 2544 Buckland Lane, Northbrook, Illinois.

4. The Plaintiffs, Mitchell and Caron Helfand, are individuals with a permanent residence address of 2544 Buckland Lane, Northbrook, Illinois. They are the parents of Adam Helfand.

5. The Defendant, The John Dewey Academy, Inc., is a Massachusetts corporation with a principal place of business at 389 Main Street, Great Barrington, Massachusetts. JDA is an alternative coeducational college preparatory boarding school for students with behavioral and substance abuse problems.

6. The Defendant, Thomas Bratter, is an individual whose residence address is unknown. He is the founder and director of JDA.

7. The Defendant, Ken Steiner, is an individual whose residence address is unknown. He is the Dean of JDA.

8. The Defendant, Gwendolyn Hampton, is an individual whose residence address, on information and belief, is 68-69 Monument Valley Road, Great Barrington, Massachusetts. She was a teacher and clinician at JDA during all relevant times.

## FACTS

9. JDA is a small residential school with a varying student population of between fifteen and thirty students. Each student attends classes, meets individually with a mental health counselor, and participates in group therapy. Many students also have work assignments at the school. Upon enrollment, each student is assigned a "primary clinician." The primary

clinician conducts the student's individual therapy, acts as the student's academic and personal advisor, and has primary influence over the student's advancement and/or discipline at JDA. School rules forbid the use of alcohol or illegal drugs, and forbid sexual activity.

10. Adam Helfand enrolled as a student at JDA in the summer of 1999 when he was seventeen (17) years old. When Adam arrived at JDA, he was an oppositional young man whose drug and alcohol use had caused him to be expelled from high school in his home town in Illinois. For each year he attended JDA, Adam Helfand's parents, Mitchell and Caron Helfand, entered into a contract with the Defendant, JDA, by which they would pay JDA substantial sums of money in return for which JDA would educate their child in a safe and closely supervised therapeutic environment, free from sexual molestation, drugs, and alcohol. Cumulatively, these contracts spanned the period from June 10, 1999 to August 31, 2001. Adam Helfand was the intended third party beneficiary of the contract.

11. On information and belief, JDA hired Defendant Hampton in the early 1990's. At all times relevant to the complaint, Defendant Hampton was a Spanish teacher and "clinician" at JDA. She also supervised the school kitchen, which prepared meals for staff and students. For some of the periods relevant to the complaint, Defendant Hampton lived at JDA as a houseparent. At the time of her hiring and at all times relevant to the complaint, Defendant Hampton was not qualified to provide mental health counseling services.

12. In November 1999, JDA assigned Defendant Hampton to be Adam Helfand's "primary clinician." As such, Defendant Hampton acted as his

mental health counselor through the remainder of his attendance at JDA. She had regular individual counseling sessions with Adam, acted as liaison between Adam and other staff, and exerted primary influence in all decisions involving discipline or advancement of Adam at JDA. Defendant Hampton also taught Adam Spanish and supervised his work in the school kitchen. Aside from Adam's regular appointments with her, her class instruction, and her daily supervision of his work in the kitchen, Hampton frequently called Adam in the evenings, after she had left school for the day. During the day, she often asked him to come to her home to perform various chores or to babysit her children.

13. In the spring of 2000, Defendant Hampton began a sexual relationship with Adam Helfand. The relationship lasted throughout the remainder of Adam's time at JDA, and continued through his freshman year of college. The relationship resulted in the birth of a child on June 15, 2002. This child was ultimately placed for adoption. Hampton's sexual encounters with Adam generally occurred after regular school hours, in the school car, or at Defendant Hampton's private residence. During much of the time relevant to the complaint, no adults were present at JDA at night to supervise the students. The school car was readily accessible to students at night, enabling Adam to leave campus to be with Defendant Hampton.

14. Students and staff remarked on the inappropriate nature of Defendant Hampton's relationship with Adam, but JDA, Defendant Bratter and Defendant Steiner failed to thoroughly investigate the relationship, failed to discipline Defendant Hampton, failed to properly supervise her work with

4

Adam Helfand, and failed to implement policies and procedures to prevent the ongoing inappropriate conduct.

15. In addition to engaging in an inappropriate sexual relationship with Adam while purporting to counsel him, to help him to overcome substance and alcohol abuse, and to teach him to make responsible, constructive decisions, Defendant Hampton regularly provided Adam with alcohol, which she consumed with him, and she encouraged his use of illegal drugs. She used her influence in all JDA decisions regarding him to ensure his loyalty to her. The secrecy necessary to maintain the relationship isolated Adam from his parents and peers.

16. The acts and omissions of the Defendants caused the Plaintiffs great emotional and financial harm, and amounted to a breach of contract involving unfair and deceptive business practices.

## COUNT I
### (vs. JDA -- Negligent Hiring)

17. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 16 above.

18. Defendant JDA negligently hired Defendant Hampton to act as primary clinician for its students. On information and belief, Defendant Hampton lacked the academic and practical credentials to provide mental health counseling. Defendants knew or reasonably should have known Defendant Hampton was unqualified to provide mental health counseling.

19. As a direct and proximate result of the negligence of the Defendant JDA in hiring Defendant Hampton, the Plaintiffs suffered severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT II
### (vs. JDA, Thomas Bratter, Kenneth Steiner --
### Negligent Supervision of Defendant Hampton)

20. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 19 above.

21. At all relevant times, Defendants JDA, Thomas Bratter and Kenneth Steiner failed to properly supervise the work of its employee, Defendant Hampton, particularly where they knew she lacked the formal credentials to act as a primary clinician.

22. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have suffered and continues to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT III
### (vs. JDA, Thomas Bratter, Kenneth Steiner --
### Negligent Supervision of Plaintiff Helfand)

23. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 22 above.

24. At all relevant times, Defendants JDA, Thomas Bratter, and Kenneth Steiner had a duty to properly supervise Adam Helfand. The Defendants breached that duty by frequently leaving him without adult supervision at night and providing him access to a car that allowed him to leave campus.

25. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have suffered and continue to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT IV
### (v. Gwendolyn Hampton -- Counseling Malpractice)

26. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 25 above.

27. At all relevant times, Defendant Hampton was negligent in her care and treatment of Adam Helfand.

28. Defendant Hampton failed to exercise the degree of care and skill of the average qualified mental health counselor in treating and caring for Adam Helfand.

29. As a direct and proximate result of Defendant Gwendolyn Hampton's failure to exercise the degree of care and skill of the average mental health counselor, the plaintiff, Adam Helfand, has suffered and continues to suffer injuries, mental distress and emotional harm as well as other consequential damages.

## COUNT V
### (v. JDA -- Respondeat Superior)

30. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 29 above.

31. The staff members of JDA, including the named Defendant employees, failed to render appropriate and adequate care as described above to Adam Helfand, and thereby failed to exercise the degree of care and skill of the average qualified therapeutic and educational practitioners in their fields.

32. The Defendant, JDA, is liable for the breach of professional duty of its staff in treating and mentoring the Plaintiff.

33. As a direct and proximate result of the failure by the Defendant JDA's staff to exercise the degree of care and skill of average qualified practitioners in their fields, Adam Helfand has suffered severe and continuing emotional distress as well as other consequential damages.

## COUNT VI
### (vs. JDA -- Breach of Contract)

34. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 33 above.

35. Between June 10, 1999 and August 31, 2001, the Defendant had contracts with Adam Helfand's parents, Mitchell and Caron Helfand, under which they paid Defendant JDA in excess of $110,000, in return for which Defendants agreed to properly educate Adam Helfand in a therapeutic residential environment free from drugs, alcohol and sex. The Defendant breached their agreement with the Plaintiffs.

36. Adam Helfand is the intended third-party beneficiary of the contract between his parents and the Defendant and he suffered damage as a result of the Defendant's breach.

## COUNT VII
### (vs. JDA -- G.L. c. 93A)

37. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 36 above.

38. The Plaintiffs were consumers of the Defendant's educational and therapeutic services.

39. The Defendant promised to provide a safe, therapeutic environment for Adam Helfand that was free of the influence of alcohol, drugs and sex. For much of the course of Adam Helfand's enrollment, however, JDA failed to provide appropriate therapeutic services. Instead, his assigned therapist engaged him in an inappropriate personal and sexual relationship and provided him with alcohol and encouraged his use of illegal drugs, the very things he enrolled at JDA to avoid. These misrepresentations and omissions

constitute unfair and deceptive business practices under M.G.L. Ch. 93A §§ 2,9.

40. The Defendants' misrepresentations hindered Adam's recovery from alcohol and substance abuse, and caused him devastating emotional harm and other consequential damages.

## COUNT VIII
### (vs. Gwendolyn Hampton -- Negligent Infliction of Emotional Distress)

41. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 40 above.

42. At all relevant times, the Defendant knew or should have known that emotional distress was a likely result of her conduct.

43. As a direct and proximate result of the conduct by Defendant Hampton, Adam Helfand suffered and continues to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT IX
### (v. JDA, Thomas Bratter, Kenneth Steiner, and Gwendolyn Hampton -- Loss of Consortium)

44. The Plaintiffs repeat and reallege the complaints as set forth in paragraphs 1 through 43 above.

45. The Defendants, through their negligence in failing to maintain a safe therapeutic environment, wrongfully caused harm to Adam Helfand and exacerbated pre-existing conditions for which he had sought treatment at JDA.

46. As a result of the Defendants' conduct, Mitchell and Caron Helfand suffered the loss of their son's society and companionship.

WHEREFORE, the Plaintiffs pray this Honorable Court to grant them the following relief: all damages for personal injuries, emotional distress, and breach of contract; reasonable attorneys fees and costs; punitive damages, where appropriate, and any other damages as this Honorable Court deems just and reasonable.

### DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury.

Respectfully submitted,
The Plaintiffs,
Adam Helfand, Caron Helfand, and Mitchell Helfand,
By their attorneys,

_____
Laurence E. Hardoon, B.B.O. No.: 221360
Djuna E. Perkins, B.B.O. No.: 561909
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated: August 17, 2004

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Adam Helfand, Caron Helfand, and Mitchell Helfand

## DEFENDANTS
The John Dewey Academy, Inc., Thomas Bratter, Ken Steiner, and Gwendolyn Hampton

(b) County of Residence of First Listed Plaintiff **Cook**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Berkshire**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Laurence E. Hardoon and Djuna E. Perkins
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, Boston, MA 02116  (617) 880-7100

Attorneys (If Known)
**04 11800 DPW**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **In excess of $500,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE
DOCKET NUMBER

DATE 8/17/04
SIGNATURE OF ATTORNEY OF RECORD  /s/ Djuna

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Adam Helfand v. The John Dewey Academy, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ]  IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ]  V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [X]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Laurence E. Hardoon and Djuna E. Perkins/Brody, Hardoon, Perkins & Kesten, LLP__
ADDRESS __One Exeter Plaza, Boston, MA 02116__
TELEPHONE NO. __(617) 880-7100__

(Coversheetlocal.wpd - 10/17/02)