UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADAM HELFAND, CARON HELFAND, and MITCHELL HELFAND,<br>　　　　　Plaintiffs,<br>v.<br><br>THE JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE BRATTER, KEN STEINER, and GWENDOLYN HAMPTON,<br>　　　　　Defendants. | Civil Action No. 04-11800-DPW |

## MOTION TO QUASH SUBPOENA DUCES TECUM

Defendants, The John Dewey Academy, Inc., Thomas Bratter, Carole Bratter, and Ken Steiner (collectively, "JDA") move this Court to quash two deposition subpoenas *duces tecum* (the "deposition subpoenas") served by plaintiffs, Adam Helfand, Mitchell Helfand, and Caron Helfand (collectively, "Plaintiffs"), on Keepers of Record for the Middlesex and Berkshire County District Attorneys. (Copies of the subpoenas are attached at tab 1.) These subpoenas serve no purpose other than to harass defendant Thomas Bratter. The records sought have no bearing on the claims or defenses at issue in this matter. Nor would they be admissible as evidence. To the contrary, most if not all of the material sought is protected from disclosure by law.

In further support of this motion, JDA states as follows:

1.　　　The plaintiffs allege that Adam Helfand, a former JDA student, and Gwendolyn Hampton, a former JDA teacher, had a consensual sexual relationship, beginning while Adam was a student at JDA and continuing for some time after he graduated. JDA denies that the affair began while Adam was a student, and contends that it took all reasonable steps to prevent inappropriate conduct between teachers and students at JDA. The plaintiffs nonetheless insist that JDA should have better trained, supervised, or disciplined Hampton.

2. The plaintiffs have served two deposition subpoenas *duces tecum*, asking the District Attorneys for Middlesex and Berkshire Counties to produce all records concerning Thomas Bratter, including in particular, records pertaining to three closed criminal cases.

3. The records the subpoenas seek have no conceivable relevance to the present case. Neither Adam Helfand nor Gwendoly Hampton were involved in any way in the referenced criminal cases. Moreover, the plaintiffs' only complaint against Thomas Bratter is that he allegedly failed to adequately train, supervise, or discipline Hampton. Whether Thomas Bratter committed criminal conduct in an unrelated case involving different parties has no bearing on whether he adequately trained, supervised, and disciplined the staff at JDA.

4. Nor would any of the materials produced in response to the subpoenas be admissible, in any event. The written documents plaintiffs seek are out-of-court statements that may not be admitted to prove truth under Fed. R. Evid. 802. The plaintiffs simply cannot rely on accusations made in self-serving court documents to prove that Thomas Bratter actually took or failed to take any particular action in the past.

5. Even if the plaintiffs were not barred by the hearsay doctrine from using the requested records as evidence (which they are), they would still be barred from offering those records as evidence under Fed. R. Evid. 404. Evidence of past crimes, wrongs, or acts is not admissible under Fed. R. Evid. 404 to prove the character of a person or to show action in conformity with that character. The plaintiffs cannot use alleged conduct by Thomas Bratter in unrelated past incidents to suggest anything about Thomas Bratter's character or to prove that he behaved in accordance with that alleged character in this case. The only purpose that is served by issuing these subpoenas is to harass Thomas Bratter.

6. To make matters worse, most if not all of the material sought by the subpoenas is protected from disclosure by Massachusetts statute. As attorneys for Middlesex and Berkshire

County District Attorneys have explained (*see* letters attached at tab 2), the subpoenas seek Criminal Offender Record Information ("CORI"), medical records, and evidence of sexual assaults, none of which may be disclosed under Massachusetts law. *See*, *e.g.*, the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. § 1181 *et seq.*; G.L. ch 111, §§ 70, 70E; G.L. ch. 6, § 167 *et seq.*; G.L. ch. 41, § 97D; G.L. § 24C; G.L. ch. 66, § 10. The District Attorneys' right to preserve the confidentiality of privileged investigative, prosecutorial, and work product – as well as their obligation to preserve the secrecy of grand jury proceedings – stand as additional barriers to compliance with the plaintiffs' inappropriate subpoenas.

For the foregoing reasons, The John Dewey Academy, Inc., Thomas Bratter, Carole Bratter, and Ken Steiner, respectfully request that the Court quash the subpoenas *duces tecum* served by the plaintiffs on Keepers of Record for the Middlesex and Berkshire County District Attorneys.

        Respectfully submitted,

        JOHN DEWEY ACADEMY, THOMAS BRATTER,
        CAROLE BRATTER, and KENNETH STEINER

        By their attorneys,

        /s/ Paige A. Scott Reed
        Joseph D. Steinfield, BBO # 478680
        William A. Worth, BBO # 544086
        Paige A. Scott Reed, BBO #637905
        Prince, Lobel, Glovsky & Tye LLP
        585 Commercial Street
        Boston, MA 02109
        (617) 456-8000

Date: September 13, 2005