**TAB 1**

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

| | |
|---|---|
| ADAM HELFAND, CARON HELFAND, AND MITCHELL HELFAND,<br>         Plaintiffs<br><br>v.<br><br>THE JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE BRATTER, KEN STEINER, AND GWENDOLYN HAMPTON,<br>         Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEPOSITION SUBPOENA DUCES TECUM
## M.R.C.P. RULE 30(A) & RULE 45

TO:   Middlesex County District Attorney
        Attn: John McEvoy, First Assistant District Attorney
        40 Thorndike Street
        East Cambridge, MA 02141

GREETINGS:

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 45 of the Massachusetts Rules of Civil Procedure to appear and testify on behalf of the Plaintiffs, Adam Helfand, Caron Helfand, and Mitchell Helfand before a Notary Public of the Commonwealth of Massachusetts, at the offices of Laurence E. Hardoon, Esq. and Djuna E. Perkins, Esq., BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, MA 02116, on the **6th day of September, 2005 at 10:00 a.m.**, and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. You are requested to bring with you the documents on the attached Schedule "A."

The requested records are to be used for purposes of litigation. Attorneys for the Plaintiff certify that, pursuant to 160 C.F.R. 164.512 (e), they have given notice this date of the within Notice of Taking Deposition and Deposition Subpoena to counsel for the Defendants, Joseph D. Steinfeld, Esq., William A. Worth, Esq., and Paige Scott Reed, Esq., Prince, Globel, Glovsky & Tye, LLP, 585 Commercial Street, Boston, MA 02109.

Hereof fail not as you will answer your default under the pains and penalties in the law in that behalf made and provided.

_____
Laurence E. Hardoon, BBO# 221360
Djuna E. Perkins, BBO# 561909
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: August 5, 2005

_____
Notary Public:
My Commission Expires:

***IN LIEU OF APPEARING, WE WILL ACCEPT CERTIFIED COPIES OF ALL DOCUMENTS REQUESTED IN SCHEDULE A. IF YOU HAVE AN OBJECTION TO THE DOCUMENTS REQUESTED OR CANNOT PROVIDE THIS OFFICE WITH A COMPLETE COPY OF THE DOCUMENTS, THE DEPOSITION MAY BE NECESSARY.***

## **SCHEDULE 'A'**

All records, including police reports, supplemental police reports, complaints, indictments, grand jury minutes, 911 tapes, witness statements, booking sheets, arrest reports, pleadings, court orders, victim impact statements, taped conversations between the Defendant and the victim, and documents related to prior or subsequent bad acts of the Defendant related to Case Nos. MICR1997-00405 (disposed 1998), and MICR1993-01559 (disposed 1997) or any other criminal case involving Defendant Thomas Bratter, D.O.B. 5/18/39.

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
                        Plaintiffs )
                                         )
v. )
                                         )
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
                        Defendants )

## NOTICE OF TAKING DEPOSITION

TO:   Joseph D. Steinfeld, Esq.
        William A. Worth, Esq.
        Paige Scott Reed, Esq.
        Prince, Lobel, Glovsky & Tye, LLP
        585 Commercial Street
        Boston, MA 02109

Please take notice that, at **10:00 a.m. on September 6, 2005,** at the offices of Laurence E. Hardoon, Esq. and Djuna E. Perkins, Esq., BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, MA 02116, the Plaintiffs, Adam Helfand, Caron Helfand and Mitchell Helfand, in this action, by their attorney, will take the deposition upon oral examination of the **Keeper of the Records of the Middlesex County District Attorney,** pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public, in and for the Commonwealth of Massachusetts, or before some other office authorized by law to administer oaths. The oral examination will continue from day to day until completed. The deponent is required to bring all documents responsive to the attached Schedule "A."

1

You are invited to attend and cross-examine.

>Respectfully Submitted,
>The Plaintiffs,
>Adam Helfand, Caron Helfand, and Mitchell Helfand,
>By their attorneys,
>
>_____
>Laurence E. Hardoon, BBO # 221360
>Djuna E. Perkins, BBO# 561909
>Brody, Hardoon, Perkins & Kesten, LLP
>One Exeter Plaza, 12th Floor
>Boston, MA  02116
>(617) 880-7100

DATED: August 5, 2005

## SCHEDULE 'A'

All records, including police reports, supplemental police reports, complaints, indictments, grand jury minutes, 911 tapes, witness statements, booking sheets, arrest reports, pleadings, court orders, victim impact statements, taped conversations between the Defendant and the victim, and documents related to prior or subsequent bad acts of the Defendant related to Case Nos. MICR1997-00405 (disposed 1998), and MICR1993-01559 (disposed 1997) or any other criminal case involving Defendant Thomas Bratter, D.O.B. 5/18/39.

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
        Plaintiffs )
)
v. )
)
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
        Defendants )
_____)

**DEPOSITION SUBPOENA DUCES TECUM**
**M.R.C.P. RULE 30(A) & RULE 45**

TO:    Berkshire County District Attorney
        Attn: David A. Capeless, Esq.
        7 North Street, P.O. Box 1969
        Pittsfield, MA 01202

GREETINGS:

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 45 of the Massachusetts Rules of Civil Procedure to appear and testify on behalf of the Plaintiffs, Adam Helfand, Caron Helfand, and Mitchell Helfand before a Notary Public of the Commonwealth of Massachusetts, at the offices of Laurence E. Hardoon, Esq. and Djuna E. Perkins, Esq., BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, MA 02116, on the **6th day of September, 2005 at 10:00 a.m.**, and to testify as to your knowledge, at the taking of the deposition in the above-entitled action. You are requested to bring with you the documents on the attached Schedule "A."

4

The requested records are to be used for purposes of litigation. Attorneys for the Plaintiff certify that, pursuant to 160 C.F.R. 164.512 (e), they have given notice this date of the within Notice of Taking Deposition and Deposition Subpoena to counsel for the Defendants, Joseph D. Steinfeld, Esq., William A. Worth, Esq., and Paige Scott Reed, Esq., Prince, Globel, Glovsky & Tye, LLP, 585 Commercial Street, Boston, MA 02109.

Hereof fail not as you will answer your default under the pains and penalties in the law in that behalf made and provided.

_____
Laurence E. Hardoon, BBO# 221360
Djuna E. Perkins, BBO# 561909
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: August 5, 2005

_____
Notary Public:
My Commission Expires:

**\*\*\*IN LIEU OF APPEARING, WE WILL ACCEPT CERTIFIED COPIES OF ALL DOCUMENTS REQUESTED IN SCHEDULE A. IF YOU HAVE AN OBJECTION TO THE DOCUMENTS REQUESTED OR CANNOT PROVIDE THIS OFFICE WITH A COMPLETE COPY OF THE DOCUMENTS, THE DEPOSITION MAY BE NECESSARY.\*\*\***

## SCHEDULE 'A'

All records, including initial police reports, supplemental police reports, 911 tapes, booking sheets, complaints, pleadings, victim impact statements, and witness statements, related to criminal case no. 9929CR0656 (disposed 2002), or any other criminal case involving Defendant Thomas Bratter, D.O.B. 5/18/39.

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
            Plaintiffs )
)
v. )
)
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
            Defendants )
_____ )

## NOTICE OF TAKING DEPOSITION

TO:    Joseph D. Steinfeld, Esq.
        William A. Worth, Esq.
        Paige Scott Reed, Esq.
        Prince, Lobel, Glovsky & Tye, LLP
        585 Commercial Street
        Boston, MA 02109

Please take notice that, at **10:00 a.m. on September 6, 2005**, at the offices of Laurence E. Hardoon, Esq. and Djuna E. Perkins, Esq., BRODY, HARDOON, PERKINS & KESTEN, LLP, One Exeter Plaza, Boston, MA 02116, the Plaintiffs, Adam Helfand, Caron Helfand and Mitchell Helfand, in this action, by their attorney, will take the deposition upon oral examination of the **Keeper of the Records of the Berkshire County District Attorney,** pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public, in and for the Commonwealth of Massachusetts, or before some other office authorized by law to administer oaths. The oral examination will continue from day to day until completed. The deponent is required to bring all documents responsive to the attached Schedule "A."

1

You are invited to attend and cross-examine.

                Respectfully Submitted,
                The Plaintiffs,
                Adam Helfand, Caron Helfand, and Mitchell Helfand,
                By their attorneys,

                */s/ Djuna E. Perkins*
                Laurence E. Hardoon, BBO # 221360
                Djuna E. Perkins, BBO# 561909
                Brody, Hardoon, Perkins & Kesten, LLP
                One Exeter Plaza, 12th Floor
                Boston, MA  02116
                (617) 880-7100

DATED: August 5, 2005

## SCHEDULE 'A'

All records, including initial police reports, supplemental police reports, 911 tapes, booking sheets, complaints, pleadings, victim impact statements, and witness statements, related to criminal case no. 9929CR0656 (disposed 2002), or any other criminal case involving Defendant Thomas Bratter, D.O.B. 5/18/39.

**TAB 2**



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

August 24, 2005

**Via facsimile and first class mail**

Djuna E. Perkins, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, Massachusetts 02116
fax no. (617) 727-7171

    Re:    *Adam Helfand et al. v. The John Dewey Academy, Inc. et al.: Subpoenas for Middlesex District Attorneys Files on Thomas Bratter*

Dear Ms. Perkins:

    It was a pleasure speaking with you yesterday. As you know, this office represents the Middlesex District Attorney (hereinafter, "the District Attorney") with respect to the subpoena for documents you served upon her in connection with the above-referenced case. I write to summarize my understanding of our conversation and to advise you of the various privileges the District Attorney is presently asserting with respect to this matter.

    Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, the District Attorney objects to the inspection and copying of the documents requested. According to Fed. R. Civ. P. Rule 45(c)(2)(B), the District Attorney is not required to produce the requested documents absent a court order. The District Attorney objects to the subpoena on the grounds that the request encompasses Criminal Offender Record Information ("CORI") and medical records, which the District Attorney is not permitted by law to disclose. *See e.g.,* the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. § 1181 *et seq.*; G.L. ch. 111, §§ 70, 70E. G.L. ch. 6, § 167, *et seq..* Also, please be advised that the District Attorney is prohibited from disclosing evidence of sexual assaults, which you request, pursuant to the Massachusetts Rape-Shield laws. *See* G. L. ch. 41, § 97D; M.G.L. ch. 265, §24C; M.G.L. ch. 66, § 10.

    The request also encompasses law enforcement investigative, prosecutorial, and work product, as to which the District Attorney claims a privilege. The District Attorney also objects to the production of grand jury materials on the grounds of the traditional concerns for grand jury

Djuna Perkins, Esq.
August 24, 2005
Page 2

secrecy.

    As we discussed, I will review the file to determine whether there are non-privileged documents that can be produced. Once I have done so, I will contact you so that we may determine the next steps to be taken. Thank you for your attention to this matter.

                            Very truly yours,

                            Daniel I. Smulow
                            Assistant Attorney General


cc:    Maura McLaughlin, AAG
       Benjamin Bejar, ADA
       Paige A. Scott Reed, Esq.



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

AUG 2 9 2005

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

August 25, 2005

**Via facsimile and first class mail**

Djuna E. Perkins, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, Massachusetts 02116
fax no. (617) 727-7171

    Re:    *Adam Helfand et al. v. The John Dewey Academy, Inc. et al.*: *Subpoenas for Berkshire District Attorney's Files on Thomas Bratter*

Dear Ms. Perkins:

    Thank you for taking the time to speak with Attorney Smulow and with me on Tuesday afternoon. As you know, this office represents the Office of the Berkshire District Attorney (hereinafter, "the District Attorney") with respect to the subpoena for documents you served upon him in connection with the above-referenced case.

    Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, the District Attorney objects to the inspection and copying of the documents requested. According to Fed. R. Civ. P. Rule 45(c)(2)(B), the District Attorney is not required to produce the requested documents absent a court order. The District Attorney objects to the subpoena on the grounds that the request encompasses Criminal Offender Record Information ("CORI") and medical records, which the District Attorney is not permitted by law to disclose. *See e.g.,* the Health Insurance Portability and Accountability Act of 1996, 29 U.S.C. § 1181 *et seq.*; G.L. ch. 111, §§ 70, 70E. G.L. ch. 6, § 167, *et seq.*. Also, please be advised that the District Attorney is prohibited from disclosing evidence of sexual assaults, which you request, pursuant to the Massachusetts Rape-Shield laws. *See* G. L. ch. 41, § 97D; M.G.L. ch. 265, §24C; M.G.L. ch. 66, § 10.

    The request also encompasses law enforcement investigative, prosecutorial, and work product, as to which the District Attorney claims a privilege. The District Attorney also objects to the production of grand jury materials on the grounds of the traditional concerns for grand jury secrecy.

Djuna Perkins, Esq.
August 25, 2005
Page 2

      As we discussed, I will review the file to determine whether there are non-privileged documents that can be produced. Once I have done so, I will contact you so that we may determine the next steps to be taken. Thank you for your attention to this matter.

                                    Very truly yours,

                                    Maura D. McLaughlin
                                    Assistant Attorney General


cc:      Daniel I. Smulow, AAG
         David A. Capeless, Esq., District Attorney
         Paige A. Scott Reed, Esq.