COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                    SUPERIOR COURT DEPARTMENT
                                                 C. A. No.
                                                 96-2297

| | |
|---|---|
| KENNETH S. OLECKNA, Plaintiff | ) ) ) |
| v. | ) ) ) ) |
| THOMAS E. BRATTER and THE JOHN DEWEY ACADEMY, INC., Defendants | ) ) ) ) |

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED SEP 14 2004 By___

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
APR 18 1996
CLERK

## INTRODUCTORY STATEMENT

1. This is an action brought by plaintiff parent, against the defendant school and its president, for breach of a contract to provide educational services for his minor daughter, and for loss of parental consortium caused by the president's sexual misconduct with the daughter.

## PARTIES

2. The plaintiff KENNETH S. OLECKNA is an individual residing at 403 New Dover Road, Colonia, New Jersey.

3. The defendant THOMAS E. BRATTER ("BRATTER") is an individual having an usual place of business at 389 Main Street, Great Barrington, Berkshire County, Massachusetts.

4. The defendant THE JOHN DEWEY ACADEMY, INC. ("DEWEY"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts, and having an usual place of business at 389 Main Street, Great Barrington, Berkshire County, Massachusetts.

5. At all times relevant hereto, defendant BRATTER was the president,

treasurer and a director of DEWEY, and directed and controlled all of DEWEY's activities.

6.  At all times relevant hereto, defendants BRATTER and DEWEY ("the defendants") were doing business as THE JOHN DEWEY ACADEMY ("ACADEMY"), at 389 Main Street, Great Barrington, Berkshire County, Massachusetts, where they engaged in the operation of a secondary school, specializing in the education of students with emotional, learning and behavioral problems.

7.  The venue of this action properly lies in Middlesex County, pursuant to G.L. c. 223, §7, in that the acts by which the plaintiff was injured occurred in Newton, Middlesex County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

8.  At all times relevant to this action, plaintiff's minor daughter, ██████ (██████), was a student at the ACADEMY.

9.  Plaintiff enrolled ██████ at the ACADEMY because of the defendants' representations that they were specially skilled and experienced in dealing with children who have the emotional problems which ██████ had, and because of their promises that they would use all of their skill and experience in dealing with her problems.

10.  In consideration of the defendants' representations and promises, the plaintiff agreed to pay, and did in fact pay, tuition and expenses in the sum of $40,000 per year, for two and one-half years, totalling $100,000.

11.  Defendant BRATTER, under the guise of discharging his educational duties, and unknown to the plaintiff, began a social relationship with ██████

12.  Defendant BRATTER knew, or should have known, that a social relationship

2

with ▮▮▮ was inappropriate, because of their respective ages, the difference in their positions at the ACADEMY, ▮▮▮ level of maturity, and the vulnerability caused by her emotional problems.

13. Notwithstanding this knowledge, defendant BRATTER negligently failed to maintain the appropriate boundaries between himself and ▮▮▮.

14. During the course of that relationship, defendant BRATTER engaged in sexual acts with ▮▮▮ in both Massachusetts and Connecticut.

15. On or about April 17, 1993, while he was accompanying ▮▮▮ on a visit to Boston College in order to determine whether she might attend that college, defendant BRATTER engaged in sexual relations with ▮▮▮ in Newton, while staying in a hotel in that city.

16. The plaintiff did not learn about defendant BRATTER's conduct until August, 1993, when his daughter told him for the first time what the defendant had done.

17. Pursuant to a lawful order of the New Jersey courts, on August 8, 1993, ▮▮▮ engaged defendant BRATTER in a telephone conversation, from her home in New Jersey, which was tape recorded, and during which the defendant acknowledged the sexual nature of his relationship with ▮▮▮.

## COUNT I

18. Plaintiff realleges paragraphs 1 through 17.

19. The defendants have breached their contract with the plaintiff, to his detriment and damage.

20. As a result of the defendants' breach of contract, the plaintiff KENNETH S.

3

OLECKNA is entitled to recover damages, for the injuries sustained by him, in an amount to be determined by a jury, plus interest and costs of suit.

### COUNT II

21.    Plaintiff realleges paragraphs 1 through 17.

22.    The defendants affirmatively represented to the plaintiff that, in return for the tuition payments received by them, they would conscientiously provide a secondary school level education for his daughter ▇▇▇▇, with particular attention to her emotional and behavioral problems.

23.    These representations were false, and defendants knew or had reason to know that such representations were false at the time they were made. The defendants made said statements with the intent of inducing the plaintiff to rely upon them and to pay the tuition requested by them.

24.    The plaintiff reasonably relied upon the misrepresentations of the defendants, and as a result of his reasonable reliance upon said misrepresentations, the plaintiff has been damaged.

### COUNT III

25.    Plaintiff realleges paragraphs 1 through 17.

26.    As a direct and proximate result of the defendants' negligent, or reckless, or wanton, or intentional acts, the defendants have interfered with the plaintiff KENNETH S. OLECKNA's relationship with his daughter ▇▇▇▇▇▇▇ and as a result, plaintiff has suffered the loss of the love, care, affection, services and parental consortium of his daughter ▇▇▇▇▇▇

4

## COUNT IV

27. Plaintiff realleges paragraphs 1 through 17.

28. As a direct and proximate result of the defendants' negligent, or reckless, or wanton, or intentional acts, the plaintiff KENNETH S. OLECKNA, pursuant to Massachusetts General Laws, Chapter 231, §85X, has suffered the loss of the love, care, affection, services and parental consortium of his daughter ███████.

## COUNT V

29. Plaintiff realleges paragraphs 1 through 17.

30. Defendants negligently inflicted emotional distress upon plaintiff KENNETH S. OLECKNA.

## COUNT VI

31. Plaintiff realleges paragraphs 1 through 17.

32. Defendants intentionally inflicted emotional distress upon plaintiff KENNETH S. OLECKNA.

## RELIEF REQUESTED

The plaintiff demands judgment against the defendants on each of the Counts enumerated in an amount which is fair, just and adequate for the damages sustained, plus interest and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By his Attorneys,

*/s/ Carmen L. Durso*

*/s/ Lynne Tatirosian*

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
LYNNE TATIROSIAN, ESQUIRE
B.B.O. # 559947
Suite 3232
100 Summer Street
Boston, MA 02110-2104
(617) 728-9123
April 12, 1996

\complant