UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM HELFAND, CARON HELFAND and MITCHELL HELFAND,<br><br>        Plaintiffs,<br><br>v.<br><br>THE JOHN DEWEY ACADEMY, INC. THOMAS BRATTER, CAROLE BRATTER, KEN STEINER, and GWENDOLYN HAMPTON,<br><br>        Defendants. | Civil Action No. 04-11800-DPW |

**LIMITED OBJECTIONS OF BERKSHIRE AND MIDDLESEX
DISTRICT ATTORNEYS' OFFICES TO PLAINTIFFS' OPPOSITION TO
MOTION TO QUASH SUBPOENA DUCES TECUM**

The offices of the District Attorneys of the Berkshire District and the Middlesex District hereby appear and together present their limited opposition to the Plaintiffs' Memorandum of Law in Opposition to the Defendants' Motion to Quash Subpoenas Duces Tecum for Records Held by the Middlesex and Berkshire District Attorneys' Offices. The District Attorneys assert that this Court should not grant the relief requested in the plaintiffs' opposition to the motion to quash without providing the District Attorneys with the opportunity to be heard on the issues of privilege they have raised in response to the plaintiffs' subpoenas. As grounds for this limited objection, the District Attorneys state as follows:

    1.    On or about August 11, 2005, the plaintiffs issued subpoenas duces tecum for certain records from the files of the Offices of the District Attorneys for the Berkshire and Middlesex Districts. The District Attorneys responded to these subpoenas by sending letters

indicating their objections to the subpoenas as drafted, pursuant to Fed. R. Civ. P. 45(c)(2)(B).

2.  On September 13, 2005, the defendants filed a motion to quash the subpoenas. In their motion, the defendants argued that the subpoenas served no purpose other than to harass defendant Thomas Bratter; that the records sought had no bearing on the claims or defenses asserted in this case; and that the documents would not be admissible as evidence. The defendants also argued, in a single, summary paragraph, that the motion to quash should be granted on the grounds of the common-law and statutory protections for the documents set forth by the District Attorneys in their Rule 45 letters.

3.  On September 28, 2005, the plaintiffs filed an opposition to the motion to quash. In this opposition, the plaintiffs responded to the defendants' arguments about harassment, relevance, and admissibility of the documents. The plaintiffs also set forth arguments why the statutory and common-law protections against disclosure which had been raised in the District Attorneys' Rule 45 letters should not apply. In the conclusion to their memorandum in opposition to the motion to quash, the plaintiffs requested that the Court "order the District Attorneys to release the requested materials after redacting identifying information of the complainants and all medical records except to the extent they contain statements of witnesses related to the crimes charged." *See* Memorandum in Opposition, p. 12.

4.  This Court should not order the District Attorneys to turn over the requested documents until the District Attorneys have had the opportunity to present their arguments with respect to the protections to be afforded to the requested files. The defendants are not authorized to speak for the District Attorneys with respect to the privileges asserted, and the summary statement in their motion does not set forth the fully-developed arguments which the District

Attorneys would make in support of their positions. Moreover, the District Attorneys have never been served with a motion to compel the production of the documents.[1] Had any such motion been served on the District Attorneys, they would have had the opportunity to fully brief their positions with respect to the various privileges asserted.

WHEREFORE the District Attorneys respectfully request that this Court decline to grant the relief requested in the plaintiffs' memorandum in opposition to the motion to quash without first allowing the District Attorneys to fully brief and argue the issues of privilege asserted in their Rule 45 letters.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MARTHA COAKLEY, DISTRICT ATTORNEY for the MIDDLESEX DISTRICT, | DAVID CAPELESS, DISTRICT ATTORNEY for the BERKSHIRE DISTRICT, |
| By her attorney, | By his attorney, |
| /s/ Daniel I. Smulow<br>Daniel I. Smulow<br>Assistant Attorney General<br>Criminal Bureau<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>(617) 727-2200 ext. 2949<br>BBO No. 641668 | /s/ Maura D. McLaughlin<br>Maura D. McLaughlin<br>Assistant Attorney General<br>Criminal Bureau<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>(617) 727-2200 ext. 2857<br>BBO No. 634923 |

Dated: October 12, 2005

---

[1] The District Attorneys understand that any motion to compel would be preceded by discussions pursuant to Local Rule 7.1 which would seek to resolve or narrow any dispute between the parties. While the District Attorneys have objected to producing their complete files (as requested by the subpoenas), the District Attorneys do believe that certain documents in their files are not subject to any protections from disclosure and could be turned over to the plaintiffs.