UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADAM HELFAND, CARON HELFAND, and MITCHELL HELFAND,<br><br>        Plaintiffs,<br>v.<br><br>THE JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE BRATTER, KEN STEINER, and GWENDOLYN HAMPTON,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-11800-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO AMEND ANSWER (ASSENTED TO)**

Pursuant to Fed. R. Civ. P. 8(c) and 15(a), defendants, The John Dewey Academy, Inc., Thomas Bratter, Carole Bratter, and Ken Steiner (collectively, "JDA") hereby move this Court to amend their answer by adding the affirmative defense of release. During the course of discovery, defendants first became aware that plaintiff Mitchell Helfand executed a release at the time of plaintiff Adam Helfand's admission to the John Dewey Academy. Allowing the requested amendment is consistent with the Federal Rules of Civil Procedure and will impose no prejudice on plaintiffs. A copy of the proposed first amended answer is attached as Exhibit A. As required by Local Rule 7.1, on December 20, 2005 counsel to JDA conferred with counsel for the plaintiffs and with counsel for defendant, Gwen Hampton. They assent to this motion.

**Background**

The John Dewey Academy is a small residential school with a self-stated mission to "provide intensive, individualized instruction and therapy to alienated, angry, self-destructive, but bright adolescents." Each student attends classes and participates in group therapy. Students may also have work assignments at the school and work with a "primary clinician."

Plaintiffs chose to enroll Adam Helfand as a student at the school in the summer of 1999 when he was seventeen years old after he was expelled from an Illinois public high school for drug and alcohol use. Adam graduated from the John Dewey Academy in 2001 and then began attending Manhattanville College, a four-year accredited college where he had been accepted and awarded a scholarship.

Adam Helfand and his parents filed a complaint against JDA on or about August 17, 2004, and a first amended complaint on or about August 30, 2004, alleging that emotional and financial harm had been caused by a sexual relationship between Adam and Gwendolyn Hampton, Adam's former primary clinician. The complaint alleges that the relationship began while Adam was a student, and the charges against JDA include negligent hiring, negligent supervision of an employee and negligent supervision of a student.

In the course of reviewing an extensive amount of documents during discovery, counsel for JDA identified an exculpatory release signed by plaintiff Mitchell Helfand, releasing "the Academy, and all its agents, officers and employees, from any and all liability or responsibility for any and all injury or other causes of action of every nature arising out of the undersigned's attendance at the Academy." The release was not enumerated as an affirmative defense in JDA's answer as counsel was not aware of its existence when the answer was filed.

**<u>Argument</u>**

Rule 8(c) requires a party to any set forth in its responsive pleading any affirmative defenses including release. Fed. R. Civ. P. 8(c). The purpose of the rule is to give the opposing party notice of the defense and an opportunity to develop evidence and offer counter arguments. See *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994). Noncompliance with Rule 8(c) may be excused "if 'a plaintiff receives notice of an affirmative defense by some means other than pleadings' and is not prejudiced by the omission of the defense from the initial pleading." *Id*. (citing Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993). More commonly, when an affirmative defense is not set forth in the initial answer, a party amends or supplements its answer to include the affirmative defense, under the provisions of Fed. R. Civ. P. 15(a). See e.g. *Perlmutter v. Shatzer*, 102 F.R.D. 245, 247 (D. Mass. 1984).

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Pro 15(a). The Supreme Court has interpreted Rule 15(a) as *requiring* that leave to amend be granted:

> in the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of the amendment.

*Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); See also *Baybank Conn., N.A. v. Kravitz*, 170 F.R.D. 343, 344 (D. Mass. 1997) (granting defendant's motion to amend an answer to include an additional defense and stating that the United States Supreme Court's "liberal amendment policy of Rule 15(a) is a mandate to be heeded").

Leave to amend should be granted in this instance because the release is a meritorious affirmative defense, and there has been no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed and/or risk of undue prejudice to the opposing party.

## Conclusion

For the reasons outlined above, JDA's motion for a grant of leave to amend their answer to add the affirmative defense of release should be allowed.

Respectfully submitted,

JOHN DEWEY ACADEMY, THOMAS BRATTER, CAROLE BRATTER, and KENNETH STEINER

By their attorneys,

/s/ Joseph D. Steinfield
Joseph D. Steinfield, BBO #478680
William A. Worth, BBO #544086
Paige A. Scott Reed, BBO #637905
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Assented to:

THE PLAINTIFFS,
ADAM HELFAND, CARON HELFAND, AND MITCHELL HELFAND,

By their attorneys,

/s/ Laurence E. Hardoon
Laurence E. Hardoon, BBO #221360
Djuna E. Perkins, BBO #561909
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

          GWEN HAMPTON

          By her attorney,

          /s/ William Rota
          William Rota, BBO #430760
          75 North Street
          Pittsfield, MA 01201
          (413) 443-1900

Date:  December 23, 2005