**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADAM HELFAND, CARON HELFAND, AND MITCHELL HELFAND,<br><br>v.<br><br>THE JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE BRATTER, KEN STEINER, AND GWENDOLYN HAMPTON, | C.A. No. 04-11800-DPW |

**FIRST AMENDED ANSWER AND JURY DEMAND OF DEFENDANTS
JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE
BRATTER and KEN STEINER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now come the defendants, John Dewey Academy, Inc., Thomas Bratter, Carole Bratter and Ken Steiner (hereinafter, collectively, "The Defendants") and respond to the First Amended Complaint as follows:

1.  The Defendants deny the allegations of Paragraph 1 of the First Amended Complaint.

2.  Paragraph 2 of the Amended Complaint states a conclusion of law; no response by the Defendants to Paragraph 2 is required.

3.  The Defendants admit the allegations of Paragraph 3 of the First Amended Complaint.

4.  The Defendants admit the allegations of Paragraph 4 of the First Amended Complaint.

5.  The Defendants admit the allegations of Paragraph 5 of the First Amended Complaint.

6. Defendant, Thomas Bratter, admits that he is the founder and President of John Dewey Academy ("JDA").

7. Defendant, Carole Bratter, admits that she is the Vice-President and business manager of the JDA.

8. Defendant, Ken Steiner, admits that he is Dean of JDA.

9. The Defendants admit that Gwendolyn Hampton ("Hampton") was a teacher and clinician at JDA. They lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the First Amended Complaint.

10. The Defendants admit that JDA is a small residential school with a varying student population, that each student attends classes and participates in group therapy, that many students have work assignments at the school and that students work with a "primary clinician" while at the school. The Defendants further admit that school rules forbid the use of alcohol or illegal drugs and forbid sexual activity. The Defendants deny the remaining allegations of Paragraph 10 of the First Amended Complaint.

11. The Defendants deny the allegations of Paragraph 11 of the First Amended Complaint.

12. The Defendants admit that plaintiff, Adam Helfand, was enrolled as a student at JDA in the summer of 1999 when he was seventeen years old. The Defendants deny the remaining allegations of Paragraph 12 of the First Amended Complaint.

13. The Defendants admit that Hampton was hired by JDA in the early 1990's and that, at various times during her employment at JDA she worked as a Spanish teacher, primary clinician, house parent and supervisor of students in the JDA kitchen. The Defendants deny the remaining allegations of Paragraph 13 of the First Amended Complaint.

14. The Defendants admit that, during her tenure at JDA, Hampton served as plaintiff Adam Helfand's primary clinician and had individual counseling sessions with him and, as such,

acted as liaison between Helfand and other staff. Hampton also taught Spanish and served as a supervisor of students in the JDA kitchen, including Helfand. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the First Amended Complaint.

15. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the First Amended Complaint.

16. The Defendants deny the allegations of Paragraph 16 of the First Amended Complaint.

17. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the First Amended Complaint.

18. The Defendants deny the allegations of Paragraph 18 of the First Amended Complaint.

## COUNT ONE
### (Negligent Hiring by JDA)

19. In response to Paragraph 19 of the First Amended Complaint, the Defendants repeat their responses to Paragraphs 1 through 18 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

20. The Defendants deny the allegations of Paragraph 20 of the First Amended Complaint.

21. The Defendants deny the allegations of Paragraph 21 of the First Amended Complaint.

## COUNT TWO
### (Negligent Supervision of Defendant Hampton
### By JDA, Thomas Bratter, Kenneth Steiner)

22. In response to Paragraph 22 of the First Amended Complaint, the Defendants repeat their responses to Paragraph 1 through 21 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

23. The Defendants deny the allegations of Paragraph 23 of the First Amended Complaint.

24. The Defendants deny the allegations of Paragraph 24 of the First Amended Complaint.

### COUNT THREE

**(Negligent Supervision of Plaintiff Helfand
By JDA, Thomas Bratter, Carole Bratter and Kenneth Steiner)**

25. In response to Paragraph 25 of the First Amended Complaint, the Defendants repeat their responses to Paragraph 1 through 24 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

26. The Defendants deny the allegations of Paragraph 26 of the First Amended Complaint.

27. The Defendants deny the allegations of Paragraph 27 of the First Amended Complaint.

### COUNT FOUR
**(Counseling Malpractice Against Gwendolyn Hampton)**

28-31. The allegations of Count Four of the First Amended Complaint are directed to someone other than the Defendants. Accordingly, no response by the Defendants is required to the allegations of Paragraph 28 through 31 of the First Amended Complaint.

### COUNT FIVE
**(Respondeat Superior Against JDA)**

32. In response to the allegations of Paragraph 32 of the First Amended Complaint, the Defendants repeat their responses to the allegations of Paragraph 1 through 31 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

33. The Defendants deny the allegations of Paragraph 33 of the First Amended Complaint.

34. The Defendants deny the allegations of Paragraph 34 of the First Amended Complaint.

35. The Defendants deny the allegations of Paragraph 35 of the First Amended Complaint.

## COUNT SIX
### (Breach of Contract Against JDA)

36. In response to the allegations of Paragraph 36 of the First Amended Complaint, the Defendants repeat their responses to the allegations of Paragraph 1 through 35 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

37. The Defendants admit that JDA entered into a contractual relationship with Adam Helfand's parents, Mitchell and Caron Helfand, but deny the remaining allegations of Paragraph 37 of the First Amended Complaint.

38. To the extent that Paragraph 38 of the First Amended Complaint states a factual allegation or allegations to which a response by the Defendants is required, the Defendants deny such allegations.

## COUNT SEVEN
### (Violation of M.G.L. ch. 93A Against JDA)

39. In response to the allegations of Paragraph 39 of the First Amended Complaint, the Defendants repeat their responses to the allegations of Paragraph 1 through 38 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

40. Paragraph 40 of the First Amended Complaint states a conclusion of law to which no response by the Defendants is required.

41. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the First Amended Complaint to the extent that they pertain to Hampton's alleged conduct.  They deny the remaining allegations of Paragraph 41 of the First Amended Complaint.

42. The Defendants deny the allegations of Paragraph 42 of the First Amended Complaint.

## COUNT EIGHT
### (Negligent Misrepresentation Against Thomas Bratter)

43. In response to the allegations of Paragraph 43 of the First Amended Complaint, the Defendants repeat their responses to the allegations of Paragraphs 1 through 42 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

44. Defendant Thomas Bratter denies the allegations of Paragraph 44 of the First Amended Complaint.

45. Defendant Thomas Bratter denies the allegations of Paragraph 45 of the First Amended Complaint.

## COUNT NINE
### (Negligent Infliction of Emotional Distress Against Gwendolyn Hampton)

46-48. The allegations of Count Nine of the First Amended Complaint are directed to someone other than the Defendants. Accordingly, no response by the Defendants is required to the allegations of Paragraph 46 through 48 of the First Amended Complaint.

## COUNT TEN
### (Loss of Consortium Against JDA, Thomas Bratter, Carole Bratter and Kenneth Steiner)

49. In response to the allegations of Paragraph 49 of the First Amended Complaint, the Defendants repeat their responses to the allegations of Paragraph 1 through 48 of the First Amended Complaint and incorporate them by reference as if fully set forth herein.

50. The Defendants deny the allegations of Paragraph 50 of the First Amended Complaint.

51. The Defendants deny the allegations of Paragraph 51 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. If the plaintiff Adam Helfand was damaged, as alleged, then such damage was caused in whole or in part by his own failure to exercise the degree of care reasonably required of a person of his age and his experience under the existing circumstances and therefore he cannot recover from Defendants.

2. If the plaintiffs prove that the defendants were negligent, the plaintiff, Adam Helfand, was negligent to a greater degree than the Defendants and he is barred from recovery.

3. Any damages incurred by plaintiffs, which damages the Defendants deny, were caused, in whole or in part, by a person or persons for whom the Defendants are not legally responsible.

4. To the extent that the Defendants, either singly or collectively, had any contractual obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

5. Count Seven does not state a claim upon which relief can be granted under the circumstances of this case.

6. The Plaintiffs' claims must be dismissed under the applicable statute of limitations.

7. Plaintiffs' claims are barred by a release of claims and liability signed by plaintiff Mitchell Helfand as a condition of plaintiff Adam Helfand's admission to the John Dewey Academy.

WHEREFORE, the Defendants pray that all claims against the John Dewey Academy, Thomas Bratter, Carole Bratter and Kenneth Steiner be dismissed and that they be granted their

7

costs of defense, including reasonable attorneys' fees, together with such other relief as this Court deems just and reasonable.

>Respectfully submitted,
>
>JOHN DEWEY ACADEMY
>THOMAS BRATTER
>CAROLE BRATTER
>KENNETH STEINER
>
>By their attorneys,
>
> /s/ Joseph D. Steinfield
>Joseph D. Steinfield, BBO # 478680
>William A. Worth, BBO # 544086
>Paige Scott Reed, BBO #637905
>Prince, Lobel, Glovsky & Tye LLP
>585 Commercial Street
>Boston, MA 02109
>(617) 456-8000

**THE DEFENDANTS DEMAND A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE**

Date:  December 14, 2005