COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
                Plaintiffs )
)
v. )
)
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
                Defendants )
)

## MOTION FOR COURT ORDER REQUIRING DISCLOSURE BY THE BERKSHIRE DISTRICT ATTORNEY OF RECORDS PERTAINING TO DEFENDANT THOMAS BRATTER

The Plaintiffs hereby request that the court issue an order requiring the Berkshire District Attorney's office to disclose certain documents contained in its files related to the Defendant, Thomas Bratter. As grounds therefore, the Plaintiffs state the following:

1. The Plaintiffs served the attached subpoena on the Berkshire District Attorney's office in August, 2005. (See Exhibit A.)

2. On January 4, 2006, this court ordered the District Attorney to provide a list of documents they would disclose and documents they would not disclose by January 18, 2006. The court further ordered the Berkshire District Attorney to produce any documents they were willing to disclose within thirty days.

3. Counsel for the Berkshire District Attorney's office has indicated that there are no documents the District Attorney will disclose without a court order. With a court order requiring him to do so, the District Attorney will disclose certain documents counsel believes are protected by the Massachusetts

1

Criminal Offender Record Information law. With a court order requiring the District Attorney to do so, along with redaction of personal information about victims, minors, and handwritten notes of district attorney's office personnel, the District Attorney will disclose additional material counsel believes constitute reports of sexual assault, which are protected by Mass. G.L. C. 41, x. 97D, and/or "contain[] the name of the victim in an arrest, investigation, or complaint for rape." G.L. C. 265s. 24C. (See Exhibit B.) The District Attorney objects substantively to disclosing a number of other categories of documents cited in their letter of January 20, 2006 in Exhibit B, including grand jury minutes and internal district attorneys' office documents.

4. As stated on numerous previous occasions, the Plaintiffs do not object to the redaction of the names and identifying information of victims' and victims' families, or the names and identifying information of all minors, including students at John Dewey Academy, as noted in the District Attorney's letter included in Exhibit B. Nor do the Plaintiffs object to redaction or non-disclosure of material that constitutes mental impressions or case analysis of the District Attorney or his staff. The Plaintiffs object, however, to the redaction of any handwritten notes of district attorneys' office staff that constitute statements of any witnesses (including the defendant) as defined by Mass. R. Crim. P. 14 (d) (2).[1] For the reasons stated in the Plaintiffs' Opposition to the Defendants' Motion to Quash Subpoenas, no protection

---

[1] A statement of a witness is a "substantially verbatim recital of an oral declaration and which is recorded contemporaneously with the making of the oral declaration." Mass. R. Crim. P. 14(d)(2).

2

or privilege applies to such statements, and their disclosure serves a compelling public interest.

5. As to any documents to which the District Attorney substantively objects to disclosing, the Plaintiffs request that the court order the District Attorney to prepare a privilege log of all responsive documents, except correspondence and internal district attorney's office documents that do not contain any statements of witnesses as that term is defined by Mass. R. Crim. P. 14 (d)(2).

WHEREFORE, the Plaintiffs request that the court enter an order requiring the Berkshire District Attorney to disclose any and all "CORI" material pertaining to Defendant, Thomas Bratter, including any and all documents relating to reports of sexual assault and/or police reports that contain the names of victims of rape, with the condition that the district attorneys may redact any identifying information of victims, victims' families, or minor children, and any handwritten notes of district attorneys' office staff that do not constitute statements pursuant to Mass. R. Crim. P. 14(d)(2). The Plaintiffs request that this court order the Berkshire District Attorney to produce all documents to which he has no other substantive objection within two weeks of this court's order. Further, the Plaintiffs request that the court order the district attorney's to prepare a privilege log <u>within two weeks</u> of production of the documents referred to in the previous sentence (except correspondence and internal district attorneys' office documents that do not contain any statements of witnesses as that term is defined by Mass. R. Crim. P. 14 (d)(2)).

        Respectfully Submitted,
        The Plaintiffs,
        Adam Helfand, Caron Helfand, and Mitchell Helfand,
        By their attorneys,


        /s/ Djuna E. Perkins
        Laurence E. Hardoon, BBO # 221360
        Djuna E. Perkins, BBO# 561909
        Brody, Hardoon, Perkins & Kesten, LLP
        One Exeter Plaza, 12th Floor
        Boston, MA  02116
        (617) 880-7100

DATED: February 3, 2006