# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

January 20, 2006

**Via facsimile and first class mail**

Djuna E. Perkins, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, Massachusetts 02116
fax no. (617) 727-7171



RECEIVED JAN 20 2006

Re:   *Adam Helfand et al. v. The John Dewey Academy, Inc. et al.: Subpoenas for Berkshire District Attorney's Files on Thomas Bratter*

Dear Ms. Perkins:

This letter comes to address the question of production of documents from the file of the Office of the Berkshire District Attorney pursuant to the subpoena served by your office. The District Attorney's Office believes that in light of the language of certain statutory provisions, it cannot lawfully produce the requested documents without a court order. *See, e.g.*, M.G.L. c. 6, §§ 167, 172, 177-178 (requiring person or entity holding criminal offender record information to maintain confidentiality of such information); M.G.L. c. 41, § 97D (prohibiting disclosure of all documents which constitute or contain "reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses"); M.G.L. c. 265, §24C (prohibiting disclosure of all documents "which contains the name of the victim in an arrest, investigation, or complaint for rape"). However, if counsel for the plaintiffs were to seek a court order requiring production, the Berkshire District Attorney's Office would not anticipate opposing the motion, except as follows:

First, the District Attorney's Office believes that certain information should be redacted from all documents produced. The information to be redacted is:

1.   the names and identifying information of victims[1] and victims' families;

---

[1] For purposes of this letter, the term "victim" is used to signify any complaining witness(es), whether or not a conviction resulted from such person's complaint.

Djuna E. Perkins, Esq.
January 20, 2006
Page 2

    2. the names/identifying information of witnesses who were students at the John Dewey Academy; and

    3. prosecutors' handwritten notes on documents otherwise to be produced.

Second, the District Attorney's Office believes that certain documents in its file are privileged and are not to be disclosed. The documents which the District Attorney's Office objects to producing include:

    1. transcripts of grand jury testimony;

    2. internal victim/witness office documents, including victim/witness advocate office tracking sheets, administrative/tracking documents, handwritten notes (which do not include statements from the victim) and documents reflecting victim/witness office case analysis; and

    3. internal District Attorney Office documents which pertain to or reflect case tracking, disposition, scheduling, case calendars, mental impressions of prosecutors, communication among District Attorney Office personnel regarding the criminal case, deliberative processes, and/or analysis of case.

In accordance with the discussions among counsel after the January 4th hearing, I am sending a copy of this letter to counsel for the defendants. I ask that if counsel for the defendants believes that there is any prohibition (apart from the CORI provisions identified in Section I) on the District Attorney's Office's production of the file that counsel so inform me and counsel for the plaintiffs by letter within the next ten (10) days, and identify the basis for the claimed prohibition. I understand that if counsel for the plaintiffs is dissatisfied with the response of the District Attorney's Office, counsel will file a motion to compel; I anticipate that prior to the filing of any such motion counsel will contact me pursuant to Local Rule 7.1 so that we may seek to resolve or narrow any areas of difference.

Thank you for your attention to this matter.

                                              Very truly yours,

                                              Maura D. McLaughlin
                                              Assistant Attorney General

Djuna E. Perkins, Esq.
January 20, 2006
Page 3

cc:   David F. Capeless, Esq., District Attorney
      Paige A. Scott Reed, Esq.
      Daniel I. Smulow, Esq.

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

January 26, 2006



**Via first class mail**

Djuna E. Perkins, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, Massachusetts 02116
fax no. (617) 727-7171

Re:   *Adam Helfand et al. v. The John Dewey Academy, Inc. et al.*: Subpoenas for Berkshire District Attorney's Files on Thomas Bratter

Dear Ms. Perkins:

Thank you for your letter of January 24, 2006. Copying and redaction of the documents in the file of the Office of the Berkshire District Attorney has begun, and we hope to complete the preparation of the documents soon. However, as was indicated in my letter of January 20th, I do not believe that the Berkshire District Attorney's Office may lawfully produce the documents in the absence of a court order requiring production. I have reviewed the Clerk's Notes on the docket regarding the hearing of January 4, 2006, and they (and my own notes/memory) do not reveal a statement from the court which clearly requires production of documents which are protected by CORI and the other statutory sections referenced in my January 20th letter. In light of the statutory prohibitions on production and the court's invitation to Mr. Bratter to "pursue his remedies" against the District Attorney's Office if he believes his rights have been violated, we cannot turn over the file without a court order. Again, I will reiterate that if the plaintiffs were to file a motion for an order requiring production, Berkshire District Attorney's Office would not anticipate opposing the motion, except as specifically delineated in my January 20th letter.

I read your January 24th letter to suggest that the parties seek to complete discovery to the greatest extent possible before engaging in adversarial motion practice, and I agree with that sentiment. To that end, perhaps you could move for an order requiring production of the file in the form we have agreed upon (*i.e.*, certain documents may be withheld and/or redacted) and excluding grand jury minutes, while specifically reserving your right to file a subsequent motion to compel production of the grand jury minutes should you deem such a motion necessary.

Djuna E. Perkins, Esq.
January 26, 2006
Page 2

Thank you for your attention to this matter.

Very truly yours,

Maura D. McLaughlin
Assistant Attorney General

cc: David F. Capeless, Esq., District Attorney
Paige A. Scott Reed, Esq.
Daniel I. Smulow, Esq.