COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
                    **Plaintiffs** )
 )
v. )
 )
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
                    **Defendants** )

## CARON HELFAND'S ANSWERS TO DEFENDANTS THE JOHN DEWEY ACADEMY, INC., THOMAS BRATTER, CAROLE BRATTER, AND KEN STEINER'S FIRST SET OF INTERROGATORIES

Plaintiff, Caron Helfand hereby responds to each numbered interrogatory as follows:

**INTERROGATORY NO. 1:**

Please identify each and every person (other than an attorney retained to represent you) with whom you or any of your representatives have had any communications, either orally or in writing, concerning

    a.    this action;

    b.    any legal claim the Helfands have or may have against a JDA Defendant;

    c.    any of the allegations contained in the Complaint; or

    d.    any fact, event, circumstance, communication, or contention that forms the basis for, concerns, confirms, contradicts, or tends to disprove any of the allegations contained in the Complaint.



1

**ANSWER NO. 1:**

Holly and Tom Anderson, 222 Third Street Encinitas, CA 92024, and Dr. Arnold Berman, 1875 Dempster Street Park Ridge, IL.

**INTERROGATORY NO. 2:**

If the [sic] you contend (as stated in paragraphs 35 and 36 of the Complaint) that the John Dewey Academy has breached an agreement with or broken a promise to you, state the basis for that contention and separately for each such agreement or promise

    a.    Describe the agreement or promise in detail;

    b.    Identify the date on which the agreement was entered, the location at which the agreement was entered, and the persons who entered the agreement with you or made the promise to you;

    c.    State the basis for your contention that the agreement or promise existed or exists;

    d.    Identify each and every act or omission by the John Dewey Academy or a JDA Defendant that you contend breached the agreement or broke the promise;

    e.    Identify each and every person who is likely to have knowledge of the agreement, the promise, the breach of the agreement, or the breaking of the promise;

    f.    Identify each and every communication (whether oral or written) you may use to support your claims that the agreement existed, that the promise existed, that the agreement was breached, or that the promise was broken; and

    g.    Identify each and every document concerning the agreement or promise.

**ANSWER NO. 2:**

Caron Helfand objects to this interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney concerning

2

the litigation. Notwithstanding this objection and without waiving it, Caron Helfand states that promises were contained in the following written materials: enrollment contracts, promotional materials disseminated by John Dewey Academy (JDA), and correspondence from Defendants. Promises were also made by Defendant Thomas Bratter and other JDA staff during numerous parent meetings and group sessions throughout Adam's enrollment at JDA. JDA staff told Caron and Mitchell Helfand that JDA was taking good care of their son. JDA staff told Caron and Mitchell Helfand that their son would leave JDA with the self-respect and confidence to be a "moral leader." In addition, in telephone conversations and in-person meetings from the end of May through Adam's admission on June 10, 1999, Defendant Thomas Bratter promised Caron Helfand and Mitchell Helfand that the structure of JDA, in which students and staff were required to hold each other accountable for their actions through direct confrontation and consequences, would bring to light any acts that violated JDA's code of behavior. He also told them that JDA was a therapeutic school with highly qualified staff. Based on the foregoing promises, both explicit and implicit, Caron and Mitchell Helfand believed that Adam would be secure and protected in a controlled atmosphere. On information and belief, the entire JDA community was aware of these promises, because JDA made the same promises to all JDA parents and students. Caron and Mitchell Helfand discussed the promises with Holly and Tom Anderson..

**INTERROGATORY NO. 3:**

If you contend (as stated in paragraph 39 of the Complaint) that the John Dewey Academy made material misrepresentations to any or all of the Helfands on which any or all of the Helfands relied to their detriment, state the basis for that contention and separately for each and every such misrepresentation;

    a.    Identify the misrepresentation, each and every person who made the misrepresentation, the date on which the misrepresentation was made, the

    location at which the misrepresentation was made, and each and every person who is likely to have knowledge of the misrepresentation;

  b. Describe in as much detail as you are able the circumstances under which the misrepresentation was made;

  c. Identify each and every action any or all of the Helfands took or decided not to take in reliance on the misrepresentation;

  d. Identify each and every communication (whether oral or written) you may use to support your claim that the John Dewey Academy made the misrepresentation; and

  e. Identify each and every document concerning the misrepresentation.

**ANSWER NO. 3:**

Caron Helfand objects to this interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney concerning the litigation.

**INTERROGATORY NO. 4:**

If you contend (as stated in paragraphs 13 and 20 of the Complaint) that Gwendolyn Hampton was not qualified to provide mental health counseling services state the basis for that contention and

  a. Identify each and every mental health or counseling service that Gwendolyn Hampton provided or was responsible for providing to Adam Helfand that you contend Gwendolyn Hampton was not qualified to provide; and

  b. Separately for each such service, identify and describe the qualifications that you contend Gwendolyn Hampton needed to be qualified to provide the service, including but not limited to (i) each and every educational class, degree, or certificate, (ii) each and every work experience, (iii) each and every

4

type of training, (iv) each and every "formal credential" (as that term is used in paragraph 23 of the Complaint), and (v) each and every "academic and practical credential" (as those terms are used in paragraph 20 of the Complaint) that you contend Gwendolyn Hampton needed to be qualified to provide the service.

**ANSWER NO. 4:**

Caron Helfand objects to this interrogatory on the grounds that it attempts to discover facts and opinions held by experts beyond the scope allowed by Fed. R. Div. P. 26 (b) (4), seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the defendant concerning the litigation, and is unduly burdensome. Notwithstanding this objection and without waiving it, Caron Helfand states that discovery related to this issue is ongoing, and she does not yet have sufficient information with which to answer this interrogatory.

**INTERROGATORY NO. 5:**

If you contend that, as a result of any action or omission of The John Dewey Academy or any or all of the JDA Defendants, Adam Helfand's ability to establish relationships was damaged or impaired (as stated in the 93A Demand Letter), state the basis for that contention and describe in as much detail as you are able the nature of the difficulty Adam Helfand experiences or experienced with respect to establishing relationships.

**ANSWER NO. 5:**

Caron Helfand objects to this interrogatory on the grounds that it attempts to discover facts and opinions held by experts beyond the scope allowed by Fed. R. Div. P. 26 (b) (4), in that the words "establish relationships" implies the establishment of relationships with people other than herself.

## INTERROGATORY NO. 6:

Please identify each and every civil, criminal, or administrative case in which you have been involved as a plaintiff or defendant.

## ANSWER NO. 6:

I was a plaintiff in an administrative action against the Glenbrook School District in the Chancery Court of Cook County, Illinois, when the school district moved to expel Adam in 1999.

## INTERROGATORY NO. 7:

Please describe in as much detail as you are able when, how, and in what ways you have been or will be deprived of Adam Helfand's society and companionship as a result of an act or omission by the John Dewey Academy or any JDA Defendant.

## ANSWER NO. 7:

Adam's experience at JDA has further damaged my relationship with him. He is so ashamed and embarrassed about what happened that he shares even less of himself with me than he did before he registered at JDA. He refuses to come home for more than one or two days on the rare occasions that he does visit at all. As a result, we cannot fully enjoy his company at family gatherings and holiday celebrations. He will not discuss with me the emotional aspects of his life, or his relationships with other people. He will not discuss with me the details of what happened to him at JDA or his feelings about this devastating experience in his life. I cannot share with my son what is normally a joyous event for a parent -- his experience of fatherhood -- because he cannot, and will not, talk about it. This deprives me of the opportunity to know my son and share his life.

**INTERROGATORY NO. 8:**

Please identify each and every activity that you contend you no longer enjoy or are less able to enjoy with Adam Helfand as a result of an act or omission by the John Dewey Academy or any JDA Defendant, and separately for each such activity

    a.    Describe the activity and reason or reasons why you became unable or less able to enjoy the activity with Adam Helfand in as much detail as you are able;

    b.    Identify the date on which you first became unable or less able to enjoy the activity with Adam Helfand;

    c.    Describe how many times a day, month, or year you and Adam Helfand engaged in the activity before the date identified in response to (b) above;

    d.    Identify the date or dates on which you remained or will remain unable or less able to enjoy the activity with Adam Helfand;

    e.    Describe how many times a day, month, or year you and Adam Helfand engage in the activity now; and

    f.    If you contend that you will be unable or less able to enjoy the activity with Adam Helfand in the future, state the basis for that contention.

**ANSWER NO. 8:**

    a.    Before Adam enrolled at JDA, I spent time with him, shared meals with him, went on family outings with him, socialized with friends with him, talked with him, gave him parental guidance, and engaged in all activities typical of parents and children;

    b.    Some activities we were physically unable to share with Adam from the moment he enrolled at JDA, simply because of his absence from home, and the restrictions placed by JDA on his communications with us. Once the sexual encounters between Defendant Hampton and Adam began, Adam became

more emotionally distant from us by virtue of the secrecy he had to maintain about the encounters. The relationship completely unraveled upon Adam's disclosure to us, in March, 2003, of the abuse by Defendant Hampton and the birth of their child;

c. Every day of his life;

d. I am still unable to share these activities with Adam. How long I will continue to be unable to share them with him is better answered by an expert;

e. Rarely; and

f. I do not know; this question is more appropriately answered by an expert.

**INTERROGATORY NO. 9:**

If you contend that Adam Helfand has become less involved in family activities as a result of an act or omission by the John Dewey Academy or any JDA Defendant, state the basis for that contention, identify and describe in detail each way in which Adam Helfand has become less involved in family activities, and identify the date on which Adam Helfand's involvement in family activities first began to decrease.

**ANSWER NO. 9:**

Caron Helfand objects to this interrogatory because it is unduly burdensome, as it is duplicative of previous interrogatories.

**INTERROGATORY NO. 10:**

Please describe in as much detail as you are able each change, alteration, or modification to Adam Helfand's personality, disposition, or emotional or mental condition since the date on which you contend Gwendolyn Hampton began having a sexual relationship with him.

**ANSWER NO. 10:**

Caron Helfand objects to this interrogatory because it is unduly burdensome, as it is duplicative of previous interrogatories.

**INTERROGATORY NO. 11:**

Please describe in as much detail as you are able each way in which Adam Helfand is presently suffering from the effects of any injury, illness, or disability that you contend he received as a result of an act or omission by the John Dewey Academy or any JDA defendant.

**ANSWER NO. 11:**

I cannot describe each way in which Adam Helfand is presently suffering the effects of any injury, illness, or disability he received because of the acts or omissions of JDA or any JDA defendant, because I rarely see him, our conversations are infrequent and superficial, and I am not a mental health expert. My observations, based on my limited contact with him, is that he is emotionally distant, he does not seem to have emotional relationships with women, and he may still be consuming harmful substances.

**INTERROGATORY NO. 12:**

Please describe in detail – specifying dates, places, and people participating – each vacation that you and the Helfand Family have taken between January 1, 1997 and the present.

**ANSWER NO. 12:**

Caron Helfand objects to this interrogatory on the grounds that it is overbroad, it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 13:

If you contend that the amount of time you spend with Adam Helfand has changed as a result of an act or omission by the John Dewey Academy or any of the JDA defendants, describe the change in as much detail as you are able and,

    a.    State in as much detail as you are able the average amount of time that Adam Helfand spent with you before his relationship with Gwendolyn Hampton allegedly became sexual; and

    b.    State in as much detail as you are able the average amount of time that Adam Helfand spent with you after his relationship with Gwendolyn Hampton allegedly became sexual.

## ANSWER NO. 13:

    a.    Caron Helfand objects to this question as it is overly broad, unduly burdensome, and vague. Notwithstanding this objection and without waiving it, Caron Helfand states that Adam lived with his parents his entire life prior to his enrollment at JDA. After his enrollment at JDA, JDA's rules prevented visits except for parents weekends, which occurred approximately every 6-8 weeks.

    b.    JDA's rules restricted the time we spent with Adam throughout his enrollment there. After he graduated, his time with us has also been limited to a few days per year.

## INTERROGATORY NO. 14:

Describe fully and in complete detail all injuries or injurious effects, whether psychological, physical, behavioral or otherwise, which you claim to have received as a result of the events alleged in the Complaint, stating which, if any, will, in your opinion, be

permanent or if you have recovered, please state the approximate date on which you recovered from each such injury or injurious effect.

**ANSWER NO. 14:**

I think about what happened to my son at JDA every day. I have felt sad and depressed since the day he told us about it. I feel guilty because we sent him to JDA, and we didn't see what was happening to him there. I have difficulty sleeping -- I often wake in the night, or have trouble falling asleep. I become upset watching television shows or movies with scenarios involving abuse, adoption, or out-of-wedlock children, or listening to friends tell stories about their grandchildren. I believe I will suffer the emotional effects of Adam's experience at JDA for the rest of my life.

**INTERROGATORY NO. 15:**

Please itemize, by category, all damages that you claim to have suffered as a result of an act or omission by the John Dewey Academy or any of the JDA Defendants, including but not limited to, damages based on emotional distress, emotional breakdown, physical disability, pain and suffering, back pay, earnings, wages, and other benefits that you claim you would have received but for the conduct of the John Dewey Academy or any of the JDA Defendants; and identify all documents relating to these alleged damages.

**ANSWER NO. 15:**

Caron Helfand objects to this interrogatory to the extent it requests quantification of emotional distress damages, pain and suffering, or physical disability, as such information is best provided by an expert. Caron Helfand and Mitchell Helfand have incurred contract damages and other costs associated with maintaining Adam's residence at JDA and travel costs to visit him while there. Caron Helfand has also incurred expenses for medical treatment for anxiety.

## INTERROGATORY NO. 16:

If you contend that you have suffered emotional distress or "severe and permanent mental distress[,] and emotional harm" (as stated in paragraphs 21, 24, 27 and elsewhere in the Complaint) as a result of any act or omission by the John Dewey Academy or a JDA Defendant, state the basis [for] that contention and

    a. List all symptoms and other manifestations of your alleged emotional distress;

    b. Identify all doctors, therapists, mental health counselors, psychiatrists, and psychologists you consulted in connection with any emotional distress you contend was caused by the JDA Defendants' allegedly wrongful acts or omissions;

    c. Identify each and every date on which you consulted a person identified in response to (b) above;

    d. Identify each and every prescription, drug, or other medication that you took or that was prescribed to you to treat such emotional distress; and

    e. Identify each and every document concerning any such emotional distress, symptom or manifestation of emotional distress, consultation, prescription, drug, or medication.

## ANSWER NO. 16:

    a. Caron Helfand objects to this interrogatory as unduly burdensome as it is duplicative of other interrogatories;

    b. Dr. Arnold Berman, 1875 Dempster Street Park Ridge, IL.

    c. Caron Helfand objects to this interrogatory as it seeks information that is more appropriately the subject of a request for production of documents pursuant to Fed. R. Civ. P. 34. Notwithstanding this objection and without waiving it,

    Caron Helfand states that she saw Dr. Berman for relief from anxiety in September, 2004;

  d. Xanax;

  e. Caron Helfand objects to this interrogatory as it seeks information that is more appropriately the subject of a request for production of documents pursuant to Fed. R. Civ. P. 34. Notwithstanding this objection and without waiving it, Caron Helfand states that she is not aware of any such documents.

**INTERROGATORY NO. 17:**

If, as a result of the injuries or injurious effects referred to in Interrogatory No. 14, you received medical, psychological, behavioral or any other treatment or examination, from any doctors, therapists, mental health counselors, psychiatrists, and psychologists not disclosed in response to Interrogatory No. 16 above, please state for each person or institution treating or examining you:

  a. the name and address of the person or institution;

  b. the dates of each treatment and examination and the nature (type) of treatment and examination on each such occasion; and

  c. an itemized account of all expenses incurred for each and every above-referenced-to treatment.

**ANSWER NO. 17:**

I have not sought treatment from anyone other than Dr. Berman.

**INTERROGATORY NO. 18:**

For each expert witness whom you expect to call at the trial of this action, please state:

  a. the expert witness's name, business address, residential address, educational history, and employment history;

    b.    the subject matter on which the expert witness is expected to testify;

    c.    the substance of the facts and opinions to which each such expert is expected to testify; and

    d.    a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

### ANSWER NO. 18:

My attorneys and I have not yet determined which experts, if any, to call at a trial of this action. I reserve the right to supplement my answer.

### INTERROGATORY NO. 19:

For each expert whom you have retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state:

    a.    the expert's name, business address, residential address, educational history, and employment history;

    b.    the subject matter the expert was retained or specially employed to consider;

    c.    the substance of the facts the expert was retained or specially employed to consider and the opinions the expert was retained or specially employed to provide; and

    d.    a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

### ANSWER NO. 19:

Caron Helfand objects to this interrogatory on the grounds that it seeks discovery of documents prepared in anticipation of litigation or for trial by the plaintiffs.

**INTERROGATORY NO. 20:**

Please state whether you have been charged with, arrested for, or indicated for any crime, felony, or misdemeanor since January 1, 1997 and if so, identify and describe:

    a.    Each and every such crime, felony, or misdemeanor;

    b.    The date on which you were charged, arrested, or indicted;

    c.    The court and docket number associated with the charge, arrest, or indictment;

    d.    The disposition or resolution of the charge, arrest, or indictment; and

    e.    The date of disposition or resolution.

**ANSWER NO. 20:**

I have not been charged with, arrested for, or indicted for any crime since January 1, 1997.

SIGNED under the pains and penalties of perjury, this __10th__ day of __July__, 2005.

_____
CARON HELFAND

As to Objections:

_____
Laurence E. Hardoon, BBO# 221360
Djuna E. Perkins, BBO# 561909
BRODY, HARDOON, PERKINS & KESTEN, LLP

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 7/14/05.