COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
                        Plaintiffs )
)
v. )
)
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
                        Defendants )
)

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    This action arises out of an inappropriate relationship between an employee of The John Dewey Academy, Inc. ("JDA") and a former student. The Plaintiffs allege that JDA and its top staff negligently hired the employee and negligently supervised the employee and the student. JDA also breached its contract with the plaintiffs and engaged in unfair and deceptive business practices in violation of the Massachusetts Consumer Protection Act, G.L. c. 93A. The employee committed counseling malpractice and negligently inflicted emotional distress on the student. As a result of the acts and omissions of the Defendants, the Plaintiffs suffered great emotional and financial harm.

## JURISDICTION

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

## PARTIES

3. The Plaintiff, Adam Helfand, is an individual with a permanent residence address of 2544 Buckland Lane, Northbrook, Illinois.

4. The Plaintiffs, Mitchell and Caron Helfand, are individuals with a permanent residence address of 2544 Buckland Lane, Northbrook, Illinois. They are the parents of Adam Helfand.

5. The Defendant, The John Dewey Academy, Inc., is a Massachusetts corporation with a principal place of business at 389 Main Street, Great Barrington, Massachusetts. JDA is an alternative coeducational college preparatory boarding school for students with behavioral and substance abuse problems.

6. The Defendant, Thomas Bratter, is an individual whose residence address is unknown. He is the founder and president of JDA.

7. The Defendant, Carole Bratter, is an individual whose residence address is unknown. She is the vice president and business manager of JDA.

8. The Defendant, Ken Steiner, is an individual whose residence address is unknown. He is the Dean of JDA.

9. The Defendant, Gwendolyn Hampton, is an individual whose residence address, on information and belief, is in Great Barrington, Massachusetts. She was a teacher and clinician at JDA during all relevant times.

2

## FACTS

10. JDA is a small residential school with a varying student population of between fifteen and thirty students. Each student attends classes, meets individually with a mental health counselor, and participates in group therapy. Many students also have work assignments at the school. Upon enrollment, each student is assigned a "primary clinician." The primary clinician conducts the student's individual therapy, acts as the student's academic and personal advisor, and has primary influence over the student's advancement and/or discipline at JDA. School rules forbid the use of alcohol or illegal drugs, and forbid sexual activity.

11. As the founder and president of JDA, Defendant Thomas Bratter had ultimate responsibility for and played an active role in all operations of JDA, including hiring, supervision of staff and students, curriculum and therapy.

12. As Vice President and business manager of JDA, Carole Bratter was primarily responsible for the operations of JDA, including staffing JDA at night. As Dean of JDA, Kenneth Steiner supervised staff and students in all aspects of life at JDA.

13. Adam Helfand enrolled as a student at JDA in June, 1999 when he was seventeen (17) years old.

14. When Adam arrived at JDA, he was an oppositional young man whose drug and alcohol use had caused him to be expelled from high school in his hometown in Illinois. For each year he attended JDA, Adam Helfand's parents, Mitchell and Caron Helfand, entered into a contract with the

Defendant, JDA, by which they would pay JDA substantial sums of money in return for which JDA would educate their child in a safe and closely supervised therapeutic environment, free from sexual molestation, drugs, and alcohol. Cumulatively, these contracts spanned the period from June 10, 1999 to August 31, 2001. Adam Helfand was the intended third party beneficiary of the contract.

15. On information and belief, JDA hired Defendant Hampton in the early 1990's. At all times relevant to the complaint, Defendant Hampton was a Spanish teacher and "clinician" at JDA. She also supervised the school kitchen, which prepared meals for staff and students. For some of the periods relevant to the complaint, Defendant Hampton lived at JDA as a houseparent. At the time of her hiring and at all times relevant to the complaint, Defendant Hampton was not qualified to provide mental health counseling services.

16. In November 1999, JDA assigned Defendant Hampton to be Adam Helfand's "primary clinician."

17. Defendant Hampton acted as Adam Helfand's mental health counselor through the remainder of his attendance at JDA. She had regular individual counseling sessions with Adam, acted as liaison between Adam and other staff, and exerted primary influence in all decisions involving discipline or advancement of Adam at JDA. Defendant Hampton also taught Spanish to Adam and supervised his work in the school kitchen. Aside from Adam's regular appointments with her, her class instruction, and her daily supervision of his work in the kitchen, Hampton frequently

called Adam in the evenings, after she had left school for the day. During the day, she often asked him to come to her home to perform various personal chores for her or to babysit her children.

18. In the fall of 2000, Defendant Hampton began a sexual relationship with Adam Helfand. The relationship lasted throughout the remainder of Adam's time at JDA, and continued through his freshman year of college. The relationship resulted in the birth of a child on June 15, 2002. This child was ultimately placed for adoption. Hampton's sexual encounters with Adam generally occurred after regular school hours, in the school car, or at Defendant Hampton's private residence. During much of the time relevant to the complaint, no adults were present at JDA at night to supervise the students. The school car was readily accessible to students at night, enabling Adam to leave campus to be with Defendant Hampton.

19. Students and staff remarked on the inappropriate nature of Defendant Hampton's relationship with Adam, but JDA, Defendant Thomas Bratter, Defendant Carole Bratter, and Defendant Steiner failed to thoroughly investigate the relationship, failed to discipline Defendant Hampton, failed to properly supervise her work with Adam Helfand, and failed to implement policies and procedures to prevent the ongoing inappropriate conduct.

20. In addition to engaging in an inappropriate sexual relationship with Adam while purporting to counsel him, to help him to overcome substance and alcohol abuse, and to teach him to make responsible, constructive decisions, Defendant Hampton regularly provided Adam with alcohol, which she

consumed with him, and she encouraged his use of illegal drugs. She used her influence in all JDA decisions regarding him to ensure his loyalty to her. The secrecy necessary to maintain the relationship isolated Adam from his parents and peers.

21. The acts and omissions of the Defendants caused the Plaintiffs great emotional and financial harm, and amounted to a breach of contract involving unfair and deceptive business practices.

## COUNT I
### (vs. JDA -- Negligent Hiring)

22. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 21 above.

23. Defendant JDA negligently hired Defendant Hampton to act as primary clinician for its students. On information and belief, Defendant Hampton lacked the requisite academic, practical and personal credentials to provide mental health counseling. Defendants knew or reasonably should have known Defendant Hampton was unqualified to provide mental health counseling.

24. As a direct and proximate result of the negligence of the Defendant JDA in hiring Defendant Hampton, the Plaintiffs suffered severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT II
### (vs. JDA, Thomas Bratter, Kenneth Steiner -- Negligent Supervision of Defendant Hampton)

25. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 24 above.

26. At all relevant times, Defendants JDA, Thomas Bratter and Kenneth Steiner failed to properly supervise the work of its employee, Defendant Hampton, particularly where they knew she lacked the formal credentials to act as a primary clinician.

27. As a direct and proximate result of the negligent conduct by Defendants, the Plaintiffs have suffered and continue to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

### COUNT III
### (vs. JDA, Thomas Bratter, Carole Bratter, Kenneth Steiner -- Negligent Supervision of Plaintiff Helfand)

28. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 27 above.

29. At all relevant times, Defendants JDA, Thomas Bratter, Carole Bratter and Kenneth Steiner had a duty to properly supervise Adam Helfand. The Defendants breached that duty by frequently leaving him without adult supervision at night, providing him access to a car that allowed him to leave campus.

30. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have suffered and continue to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

### COUNT IV
### (v. Gwendolyn Hampton -- Counseling Malpractice)

31. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 30 above.

32. At all relevant times, Defendant Hampton was negligent in her care and treatment of Adam Helfand.

33. Defendant Hampton failed to exercise the degree of care and skill of the average qualified mental health counselor in treating and caring for Adam Helfand.

34. As a direct and proximate result of Defendant Gwendolyn Hampton's failure to exercise the degree of care and skill of the average mental health counselor, the plaintiff, Adam Helfand, has suffered and continues to suffer injuries, mental distress and emotional harm as well as other consequential damages.

## COUNT V
### (v. JDA -- Respondeat Superior)

35. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 34 above.

36. The staff members of JDA, including the named Defendant employees, failed to render appropriate and adequate care as described above to Adam Helfand, and thereby failed to exercise the degree of care and skill of the average qualified therapeutic and educational practitioners in their fields.

37. The Defendant, JDA, is liable for the breach of professional duty of its staff in treating and mentoring the Plaintiff.

38. As a direct and proximate result of the failure by the Defendant JDA's staff to exercise the degree of care and skill of average qualified practitioners in their fields, Adam Helfand has suffered severe and continuing emotional distress as well as other consequential damages.

## COUNT VI
### (vs. JDA -- Breach of Contract)

39. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 38 above.

40. Between June 10, 1999 and August 31, 2001, the Defendant had contracts with Adam Helfand's parents, Mitchell and Caron Helfand, under which they paid Defendant JDA in excess of $110,000, in return for which Defendants agreed to properly educate Adam Helfand in a therapeutic residential environment free from drugs, alcohol and sex. The Defendant breached their agreement with the Plaintiffs.

41. Adam Helfand is the intended third-party beneficiary of the contract between his parents and the Defendant and he suffered damage as a result of the Defendant's breach.

## COUNT VII
### (vs. JDA -- G.L. c. 93A)

42. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 41 above.

43. The Plaintiffs were consumers of the Defendant's educational and therapeutic services.

44. The Defendant promised to provide a safe, therapeutic environment for Adam Helfand that was free of the influence of alcohol, drugs and sex. For much of the course of Adam Helfand's enrollment, however, JDA failed to provide appropriate therapeutic services. Instead, his assigned therapist engaged him in an inappropriate personal and sexual relationship and provided him with alcohol and encouraged his use of illegal drugs, the very

things he enrolled at JDA to avoid. These misrepresentations and omissions constitute unfair and deceptive business practices under M.G.L. Ch. 93A §§ 2, 9.

45. The Defendants' misrepresentations hindered Adam's recovery from alcohol and substance abuse, and caused the plaintiffs devastating emotional harm and other consequential damages.

## COUNT VIII
### (vs. Thomas Bratter -- Negligent Misrepresentation)

46. The Plaintiffs repeat and reallege paragraphs 1 through 45 as if fully set forth herein.

47. The Defendant Thomas Bratter made material misrepresentations to the Plaintiffs Caron and Mitch Helfand, upon which the Plaintiffs relied, regarding the program, supervision, and safety at JDA.

48. As a direct and proximate result of the negligent misrepresentations of the Defendant, the Plaintiffs have suffered and continue to suffer extreme mental anguish, psychological trauma and emotional harm, and other consequential damages.

## COUNT IX
### (vs. Gwendolyn Hampton -- Negligent Infliction of Emotional Distress)

49. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 48 above.

50. At all relevant times, the Defendant knew or should have known that emotional distress was a likely result of her conduct.

51. As a direct and proximate result of the conduct by Defendant Hampton, Adam Helfand suffered and continues to suffer severe and permanent

mental distress and emotional harm as well as other consequential damages.

## COUNT X
### (vs. JDA, Thomas Bratter, Kenneth Steiner, Carole Bratter and Gwendolyn Hampton -- Loss of Consortium)

52. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 51 above.

53. The Defendants, through their negligence in failing to maintain a safe therapeutic educational environment, wrongfully caused harm to Adam Helfand and exacerbated pre-existing conditions for which he had sought intervention at JDA.

54. As a result of the Defendants' conduct, Mitchell and Caron Helfand suffered the loss of their son's society and companionship.

## COUNT XI
### (vs. JDA and Gwendolyn Hampton Negligent Breach of Fiduciary Trust)

55. The Plaintiffs repeat and reallege the allegations as set forth in paragraphs 1 through 54 above.

56. The Defendants owed Adam Helfand a fiduciary duty.

57. JDA's negligent failure to protect Plaintiff Adam Helfand, and Defendant Hampton's sexual misconduct toward him, resulted in a breach of their fiduciary duty to him.

58. As a result of the Defendants' breach, the Plaintiffs suffered great emotional harm.

WHEREFORE, the Plaintiffs pray this Honorable Court to grant them the following relief: all damages for personal injuries, emotional distress, and breach of

contract; reasonable attorneys fees and costs; punitive damages, where appropriate, and any other damages as this Honorable Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury.

        Respectfully submitted,
        The Plaintiffs,
        Adam Helfand, Caron Helfand, and Mitchell Helfand,
        By their attorneys,

        /s/ Djuna E. Perkins
        Laurence E. Hardoon, B.B.O. No.: 221360
        Djuna E. Perkins, B.B.O. No.: 561909
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza, 12th Floor
        Boston, MA  02116
        (617) 880-7100

Dated:  August 21, 2006