COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.: 04-11800DPW

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
                Plaintiffs )
)
v. )
)
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE BRATTER, )
KEN STEINER, AND GWENDOLYN )
HAMPTON, )
                Defendants )
)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT

The Plaintiffs respectfully submit this memorandum of law in support of their Motion to File Second Amended Complaint to add two additional counts of breach of fiduciary trust against John Dewey Academy, Inc. and Gwendolyn Hampton pursuant to Fed. R. Civ. P. 15 (a) and (c). The Court should allow the Plaintiffs' motion because it is in the interest of justice where: 1) the claim is based on case law decided after the filing of the complaint; and 2) the claim arises from facts and legal claims already at issue in the case.

### Introduction

This case arises out of inappropriate sexual conduct by Defendant Gwendolyn Hampton ("Hampton") against Adam Helfand, a former student at John Dewey Academy, Inc. ("JDA"). As described in the Amended Complaint and developed during discovery, JDA is a residential therapeutic school for troubled adolescents. Caron and Mitchell Helfand ("the Helfands") placed their faith, confidence, and trust in JDA's judgment when it assigned Hampton as Adam Helfand's "primary

1

counselor." Hampton had primary authority over Adam Helfand's advancement and discipline at JDA, and met with him several times a week for group and individual therapy. Following a period of time in which Hampton showed Helfand favoritism and revealed personal details of her own life, she began a sexual relationship with him that lasted even after Helfand left JDA. The Amended Complaint contains several counts that sound in negligence, including counseling malpractice, negligent hiring and negligent supervision.

I.  **THE SUPREME JUDICIAL COURT HAS RECENTLY RECOGNIZED A CLAIM FOR BREACH OF FIDUCIARY DUTY IN THE RESIDENTIAL SCHOOL SETTING.**

Fed. R. Civ. P. 15(a) states that "leave [to amend a complaint] shall be freely given when justice so requires." The Supreme Judicial Court of Massachusetts has recently applied the tort of breach of fiduciary trust to sexual misconduct committed by a counselor in a group residential home toward a foster child living in that home. Jane Doe v. Harbor Schools, Inc., 446 Mass. 245 (2006). The court held that "A fiduciary duty exists when one reposes faith, confidence, and trust in another's judgment and advice." Id. at 252. The court recognized that fiduciary relationships not created by law can still arise from the nature of the parties' interactions. Id.

Finding that the counselor owed a fiduciary duty to the young resident, the court held that sexual misconduct toward the resident constituted a breach of that duty. The facts in Doe are strikingly similar to those in the case at bar. Like Adam Helfand, Doe was seventeen years old when she began living at the residential home. Similar to the "primary clinicians" at JDA who had primary responsibility for advancing, assessing, and disciplining a student, the defendant in Doe was a "one-on-one counselor" whose job was to help Doe learn how to organize her life. Like Defendant Hampton, the counselor in Doe was not a licensed mental health professional.

2

Nonetheless, he met with Doe several times a week and encouraged her to confide in him about highly personal matters to help her "work on [her] issues." Id. at 249. Like Defendant Hampton, the counselor in Doe also engaged in "grooming" behaviors that eventually led to sexual contact that continued even after Doe left the facility. Like Adam Helfand, Doe initially believed she loved her counselor. The court should allow the Plaintiffs' Motion to Amend the Complaint to add the newly recognized claim of breach of fiduciary duty against Hampton.

The court should also allow the Plaintiff's Motion to Amend the Complaint to add a claim of breach of fiduciary duty against JDA. The Helfands put "faith, confidence and trust" in JDA's judgment. By assigning a clinician to Adam Helfand who was unqualified and then failing to properly supervise her, JDA breached its fiduciary duty to Adam Helfand.

## II. THE CLAIMS ARISE OUT OF THE SAME FACTS AND LEGAL THEORIES ALREADY AT ISSUE IN THE CASE.

Amendment of the complaint in this case will not prejudice the defendants. The claims of breach of fiduciary trust sound in negligence, and there are already a number of counts in the complaint that sound in negligence that arise out of the same facts.

## CONCLUSION

For the foregoing reasons, the court should allow the Plaintiffs' Motion to Amend the Complaint.

Respectfully submitted,

The Plaintiffs,
Adam Helfand, Caron Helfand, and Mitchell Helfand,
By their attorneys,


/s/ Djuna E. Perkins
Laurence E. Hardoon, BBO# 221360
Djuna E. Perkins, BBO# 561909
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116

DATED: August 21, 2006