UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADAM HELFAND, CARON HELFAND, )
AND MITCHELL HELFAND, )
        Plaintiffs, )
v. )   C.A. No. 04-11800-DPW
THE JOHN DEWEY ACADEMY, INC., )
THOMAS BRATTER, CAROLE )
BRATTER, KEN STEINER, AND )
GWENDOLYN HAMPTON, )
        Defendants. )

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants John Dewey Academy, Inc. ("JDA"), Thomas Bratter, Carole Bratter and Ken Steiner, (collectively, the "JDA Defendants"), and defendant Gwen Hampton ("Hampton") jointly submit this opposition to plaintiffs' "Motion to File Second Amended Complaint." Because plaintiffs filed their motion after the docketing of the JDA Defendants' motion for summary judgment, they are required demonstrate that their new claims are supported by substantial and convincing evidence. Plaintiffs have failed to carry this burden. Accordingly, the Court should reject their eleventh-hour effort to forestall summary judgment.

PROCEDURAL BACKGROUND

This case arises out of a sexual relationship between plaintiff Adam Helfand ("Helfand"), a former student at John Dewey Academy, and Hampton, a JDA faculty member. The relationship began in November 2000, when Helfand was 18½ years old

(Affidavit of Joseph D. Steinfield in Support of Motion for Summary Judgment, Docket No. 28, Ex. 1, G. Hampton Dep. at 372) and continued beyond his senior year and for his first two years of college.

Plaintiffs Adam Helfand and his parents, Caron and Mitchell Helfand, filed the complaint in this case on August 17, 2004.  The complaint asserted claims of negligent hiring, negligent supervision, counseling malpractice, respondeat superior, breach of contract, violation of G.L. c. 93A, negligent infliction of emotional distress, and loss of consortium.  (Complaint, Docket No. 1).  On August 30, 2004, plaintiffs filed a First Amended Complaint, which added Carole Bratter as a defendant and asserted a claim of "negligent misrepresentation" against defendant Thomas Bratter.   (First Amended Complaint, Docket No. 3).  The parties have taken extensive discovery, including approximately 17 days of depositions.

On July 31, 2006, the JDA Defendants filed a motion for summary judgment, which seeks dismissal of all claims raised in the First Amended Complaint.  The motion argues that plaintiffs have released the JDA Defendants of all claims in this case; that plaintiffs have failed to state a claim for breach of contract, negligent misrepresentation, or violation of G.L. c. 93A under Massachusetts law; and that the parents' claims for "loss of consortium" and emotional distress fail under Illinois law.  Plaintiffs have not yet responded to the motion.

On August 21, 2006, plaintiffs filed their "Motion to File Second Amended Complaint." (Docket No. 32).  The memorandum in support of this motion asserts that plaintiffs should be allowed leave under Fed. R. Civ. P. 15 to add a new claim of "breach of fiduciary trust" against John Dewey Academy, Inc. and Hampton.  (Docket No. 35).

ARGUMENT

I. **PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THEIR PROPOSED AMENDMENTS ARE "SUPPORTED BY SUBSTANTIAL AND CONVINCING EVIDENCE"**

Under Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires," unless "the amendment would be futile or reward undue delay." Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). However, where, as here, "leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also *solidly grounded in the record [and] . . . supported by substantial evidence*." Hatch v. Department for Children, Youth and their Families, 274 F.3d 12, 19 (1st Cir. 2001) (emphasis supplied); see also Adorno, 443 F.3d at 126 (requiring showing of "substantial and convincing evidence"); Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (same); Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990) (same).[1]

Plaintiffs have not demonstrated that their proposed new claims are "supported by substantial and convincing evidence." Adorno, 443 F.3d at 126. Indeed, their motion is supported only with a three-page memorandum that does not contain a single citation to any fact in evidence. Robinson v. Bodoff, 382 F. Supp. 2d 229, 234 (D. Mass. 2005) (denying post-summary judgment motion for leave to amend complaint where "[p]laintiff

---

[1] Other Circuits similarly recognize that moving for leave to amend a complaint after the docketing of a motion for summary judgment is a disfavored practice. Gormley v. Precision Extrusions, Inc., 174 Fed. Appx. 918, 921 (6th Cir. 2006) ("We have repeatedly held that allowing amendment after the close of discovery creates significant prejudice."); Ennis v. Sigurdson, 1999 U.S. App. LEXIS 10898 (3d Cir. 1999) (holding that the "existence of a pending summary judgment motion weigh[s] heavily against allowing leave to amend."); Ansam Associates, Inc. v. Cola Premium, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (noting that amendment of complaint is "especially prejudicial" where "discovery ha[s] already been completed and [defendant] ha[s] already filed a motion for summary judgment.").

offers no evidence, let alone 'substantial and convincing' evidence," to support proposed claim.) There is no indication anywhere in plaintiffs' motion or memorandum as to what testimony, documents or other evidence plaintiffs would use to establish that a fiduciary relationship existed, or that defendants breached it. Accordingly, the Court has no basis upon which to determine that "the proposed amendments [are] supported by substantial and convincing evidence." Adorno, 443 F.3d at 126. The motion should be denied for this reason alone.

## II.     THE EVIDENCE DOES NOT SUPPORT A FIDUCIARY DUTY CLAIM

Even if the Court were to consider the evidence currently on file in determining whether to allow the proposed amendment, there is nothing in the record to support plaintiffs' breach of fiduciary duty theory. The facts of Doe v. Harbor Schools, 446 Mass. 245 (2006), the only case cited in plaintiffs' memorandum, are entirely different. In that case, the Supreme Judicial Court stated in *dicta* that plaintiff Jane Doe, a young rape victim and resident at a group home, had established a triable claim of breach of fiduciary duty against a counselor with whom she had a sexual relationship. The plaintiff had been placed in the home by the Department of Social Services after a singularly traumatic childhood.

> Jane Doe was born on November 13, 1974, and spent most of her childhood in various temporary residences of relatives and foster parents. Some of Doe's caretakers were sexually or physically abusive to her. In April, 1992, when she was seventeen years of age and in the legal custody of the Department of Social Services (department), Doe was placed in a group residential home for young women transitioning to independence.

Doe, 446 Mass. 245. Although the Court dismissed Doe's claims on the ground that the statute of limitations had run, it opined that the counselor "exploited Doe's considerable legal and emotional vulnerabilities," and that his conduct therefore "offended the high

4

standards the Commonwealth has a right to expect of those in whose care it places our most fragile residents." Id. at 253.

The evidence assembled in support of the JDA Defendants' Motion for Summary Judgment demonstrates that plaintiff Adam Helfand falls into a different category altogether. Helfand grew up in a stable, intact home in the middle-class Chicago suburb of North Brookfield, Illinois. (Memorandum in Support of Motion for Summary Judgment, Docket No. 27, at 2). Helfand spent his childhood not as a victim but as a victimizer, inflicting harm on others. He stole money from his parents and from his friends' houses to buy drugs. (Affidavit of Joseph D. Steinfield in Support of Motion for Summary Judgment, Docket No. 28, Ex. 3, C. Helfand Dep. at 54-55). He shoplifted repeatedly starting in the seventh grade. (Id., Ex. 3, C. Helfand Dep. at 37-38). He "keyed" a car, requiring his mother to pay for the repairs. (Id., Ex. 2, A. Helfand Dep. at 473-474; Ex. 3, C. Helfand Dep. at 16-17). He beat up other students more or less regularly, (Id., Ex. 2, A. Helfand Dep. at 110), and repeatedly violated school rules. (Id., Ex. 11, List of School Infractions). Rather than impose controls and restrictions, Helfand's parents bribed him to behave, and he stated that once they did so, "I knew I controlled them." (Ex. 2, A. Helfand Dep. at 477). Accordingly, it is not apparent from the record that Helfand had the kind of "considerable legal and emotional vulnerabilities" that formed the basis of the Court's fiduciary duty comments. Doe, 446 Mass. at 253.

Although plaintiffs do not directly state the claim in their proposed Second Amended Complaint, their memorandum asserts (without factual support) that "Caron and Mitchell Helfand ('the Helfands') placed their faith, confidence, and trust in JDA's judgment when it assigned Hampton as Adam Helfand's 'primary clinician.'"

5

(Memorandum at 1-2).  To the extent plaintiffs are making a fiduciary duty claim on behalf of the parents, such a claim would fail as a matter of fact and law.

The only relationship between Caron or Mitchell Helfand and John Dewey Academy was contractual, as embodied in the Enrollment Agreement Mitchell Helfand signed upon enrolling Adam at the school.  (Affidavit of Joseph D. Steinfield, Ex. 4) cf. Mangla v. Brown Univ., 135 F.3d 80, 83 (1st Cir. 1998)("The student-college relationship is essentially contractual in nature."); see also Russell v. Salve Regina College, 938 F.2d 315, 316 (1st Cir. 1991).  The Doe case did not involve a fiduciary claim by the parents or guardians of the plaintiff, Doe, 446 Mass. 245, and plaintiffs offer no authority that would allow parents to claim damages for breach of fiduciary duty in their own right against their child's school.  Even if the Helfands were able to prove what they belatedly assert, that they "put faith, confidence and trust in JDA's judgment," (Memorandum at 3), such an allegation would not establish a fiduciary duty.  "A business relationship is not transformed into a fiduciary relationship merely because trust was reposed by one party in the other party."  Davidson v. GMC, 57 Mass. App. Ct. 637, 643 (Mass. App. Ct. 2003); citing Patsos v. First Albany Corp., 433 Mass. 323, 335-336 (2001).  Accordingly, the amendment of the complaint to assert such a claim would be futile.

CONCLUSION

For the foregoing reasons, plaintiffs' "Motion to File Second Amended Complaint" should be denied.

Respectfully submitted,

| GWENDOLYN HAMPTON | JOHN DEWEY ACADEMY, THOMAS KENNETH STEINER |
|---|---|
| By her attorney, | By their attorneys, |
| /s/ William A. Rota | /s/ Jeffrey J. Pyle |
| The Central Block | Joseph D. Steinfield, BBO #478680 |
| 75 North Street | William A. Worth, BBO #544086 |
| Suite 310 | Jeffrey J. Pyle, BBO #647438 |
| Pittsfield, MA 01201 | Prince, Lobel, Glovsky & Tye LLP |
| (413) 443-1900 | 100 Cambridge Street, Suite 2200 |
|  | Boston, MA 02114 |
|  | (617) 456-8000 |

I, Jeffrey J. Pyle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants on August 30, 2006.

/s/ Jeffrey J. Pyle